## Jacob Van Middlesworth and another v. Nelson Van Middlesworth.

*Evidence: General objections: Indefiniteness.* In an action of debt upon a bond, objections to the admission of the bond in evidence on the ground that the declaration did not state a cause of action against both obligors, and that the evidence was inadmissible under the declaration, are held to be too general and indefinite to distinguish any point for consideration.

*Evidence: Objections: Declaration: Bond: Assignment of breaches.* Objections in such action to the admission of such evidence, which complain of the mode in which the breach of the bond is assigned in the declaration, are held not well taken where such assignment is in the terms of the condition of the bond itself; if insufficient when thus assigned, advantage should be taken of it by demurrer.

*Pleadings: Objections to evidence.* Objections to the form of pleadings, raised by way of objections to the admission of evidence, are not favored.

*Bond: Evidence: Objections.* In an action upon a bond to indemnify an executor for paying over, at the request of the principal obligor on such bond, to the latter, a bequest in his hands belonging to a legatee who was a debtor of such obligor, an objection to the admission of the bond in evidence, that the bond itself manifests on its face that it was given for an unlawful use of a trust fund, and hence was void, is held not well taken.

*Payment: Bond of indemnity.* Payment of the bequest to the legatee, partly in cash and partly by note, is a sufficient payment, if received as such by the legatee, to give rise to a right of action on the bond of indemnity; the payment of the amount was the essence of the matter, and not the nature of that given and received in payment.

*Trials by the court: General finding: Exceptions: Weight of evidence.* Where a cause is tried by the court without a jury, and no special finding made, the general finding is in substance the same as a general verdict; and objections based upon the effect which ought to have been

given by the court on the trial to certain evidence, will not be considered on error where no exception has been taken to the finding.

*Bond: Joint defendants: Offset: Payment.* · In an action against two obligors on a bond, claims of one of the defendants alone against the plaintiff, which accrued after the bond, and were not made operative as payments upon it, cannot be made available as offsets to the claim on the bond.

*Submitted on briefs April 30.    Decided June 8.*

Error to Kalamazoo Circuit.

*Edwards & Sherwood,* for plaintiffs in error.

*Arthur Brown,* for defendant in error.

GRAVES, CH. J:

The defendant in error sued in debt on the following bond: "Know all men by these presents, that we, Jacob Van Middlesworth, of the county of Kalamazoo, in the state of Michigan, and A. N. LeFever, of the county of Kalamazoo, and state aforesaid, are held and firmly bound unto Nelson Van Middlesworth, of the county of Calhoun, and state first above mentioned, in the sum of fifteen hundred dollars, lawful money of the United States of America, to be paid to the said Nelson Van Middlesworth, or to his certain attorney, executors, administrators or assigns: for the which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators firmly by these presents. Sealed with our seals, and dated the 24th day of August, A. D. 1866.

"Whereas, the said Nelson Van Middlesworth, as the executor of the last will and testament of Henry Van Middlesworth, deceased, has in his hands, or under his control, the sum of nine hundred and seventy-three and twenty-four one-hundredths dollars, bequeathed in the said last will and testament of the said Henry Van Middlesworth to Andrew Van Middlesworth, at present a resident of the state of California;

"And whereas, the said Andrew Van Middlesworth is justly indebted to the said Jacob Van Middlesworth in more

than the amount of the said nine hundred and seventy-three and twenty-four one-hundredths dollars, and the said Jacob Van Middlesworth is desirous that the said Nelson Van Middlesworth shall pay to him the moneys now in his hands, or under his control, belonging to the said Andrew Van Middlesworth, and in so far extinguishing the debt now due and owing from the said Andrew Van Middlesworth to him, the said Jacob Van Middlesworth, and the said Nelson Van Middlesworth has consented so to do:

"Now the condition of this obligation is such, that in case the said Andrew Van Middlesworth shall demand of and receive from the said Nelson Van Middlesworth the moneys bequeathed to him, the said Andrew Van Middlesworth, and by the said Nelson Van Middlesworth paid over to the said Jacob Van Middlesworth, as aforesaid, if the said Jacob Van Middlesworth shall immediately upon demand pay to said Nelson Van Middlesworth the said sum with interest, then this obligation shall be void, otherwise to remain in full force and virtue.

"(Signed)  J. VAN MIDDLESWORTH. [L. S.]
      A. N. LeFever.   [L. S.]"

After setting forth the preamble and condition the declaration contained an assignment of breach in these terms: "And the said plaintiff for assigning a breach of the condition of the said writing obligatory according to the statute in such case made and provided, in fact says, that after the making of said writing obligatory, to wit.: on or about the thirteenth day of October, A. D. 1871, at Battle Creek, in the county of Calhoun, to wit.: at the village of Kalamazoo, in the county of Kalamazoo, as aforesaid, the said Andrew Van Middlesworth did demand and receive from the said plaintiff the moneys bequeathed to him, the said Andrew Van Middlesworth, and the said plaintiff immediately thereafter requested the said Jacob Van Middlesworth to pay to him, the said plaintiff, the said sum of money with interest, and demanded the payment thereof by the said

Jacob Van Middlesworth to him, the said plaintiff, and the said Jacob Van Middlesworth refused and neglected, and still refuses and neglects to pay the same."

The conclusion of the declaration was the usual one in debt upon a bond.

The plaintiffs in error united in a plea of the general issue, and a notice of set-off, but the notice contemplated the set-off of a debt owing by the defendant in error to Jacob Van Middlesworth alone.

The case was tried by the court, who made a general, but no special finding, and in substance and effect found, that the defendant in error was entitled to recover under the condition of the bond one thousand one hundred and fifty dollars, and judgment was entered therefor.

The record comes up on writ of error, but the assignments of error are all based upon rulings at the trial, which are brought into the record by a bill of exceptions. No error is alleged upon the declaration itself, nor is any matter assigned for error which does not belong to the bill of exceptions.

The execution of the bond not having been denied on oath, it was offered in evidence, and the first question arises upon objections thereto. The plaintiffs in error contended that it was not admissible in evidence for these reasons:

*First,* That the declaration did not state a cause of action against both obligors, and therefore that no proof was receivable;

*Second,* That the evidence was inadmissible under the declaration;

*Third,* That the declaration did not state that the obligee ever notified obligors, the plaintiffs in error, that he, the obligee, had been obliged or required to make payment to Andrew Van Middlesworth before this suit;

*Fourth,* And specially, that the declaration contained no such allegation as regards the plaintiff in error LeFever;

*Fifth,* That the bond itself manifested on its face that

it was given for an unlawful use of a trust fund, and hence was void.

The first and second grounds of objection were too general and indefinite to distinguish any point, and were not entitled to consideration except as general propositions preliminary to those which followed and which may have been designed as particular specifications.

As to the third and fourth of these statements, which in substance complain of the mode in which the pleader assigned the breach, it is enough to say that the breach was assigned in the terms of the condition, and if insufficient when thus assigned, a point not decided, the plaintiffs in error should have demurred. If the declaration was faulty, it was not so far so as to justify the court upon trial after issue to the merits, in saying that no valid issue of fact was raised upon it, and the objection to the admission of the bond adopted the theory that there was no such issue. The precise point was, not that the declaration alleged no breach at all, but it was in substance and effect that whilst the pleader had assumed to negative performance in the terms of the condition, he was required to go further and specify particulars in order to present a proper actionable breach. It is not intended to assert that there may not be cases in which something more would be requisite in order to support a verdict and judgment. But clearly this case is not of that kind. We are not inclined to favor objections raised in this way to pleadings, and our position is in strict accord with the policy of the law.—*Ch. 190, C. L.*

When a defendant is called to answer a declaration he deems objectionable, it is the better practice to demur, unless he means to waive the supposed defect. Fair and reasonable opportunity is then afforded, to court and counsel, to examine and decide, and without the hazard and expense which are inevitable if the question is deferred till the cause is put on trial. We have heretofore had occasion to express our views on this subject, and we do not intend to depart

from them.—*Jennison v. Haire, 29 Mich., 208;* see also *Huntress v. Burbank, 111 Mass., 213.*

The fifth statement of objection is not insisted on in the brief for plaintiffs in error, and we assume it is abandoned. If it were otherwise, we should not be inclined to favor it, unless some reason tending to give it countenance, which does not occur to us, should be suggested.

It was proved under objection that Andrew Van Middlesworth was paid his legacy by defendant in error in cash and note. The plaintiffs in error urge that this was not payment in the sense of the obligation, and that no right of action could arise on the bond without payment of the whole in money.

This view is quite too narrow. The *payment* of the amount was the essence of the matter, not the nature of that given and received in payment.

On the theory of plaintiffs in error, if Nelson had paid Andrew in cash the whole sum within the fraction of a dollar, and the balance in something else preferred by Andrew, no right of action would have resulted to Nelson on the bond.

Certainly the parties could not have intended any such thing, and neither the bond nor declaration necessarily require such a construction.

It was entirely competent for Nelson and Andrew to make the note stand as cash for the purpose of payment.—*Hotchin v. Secor, 8 Mich., 494; 2 Par. on Con., 624 and note S.* And the court, in finding for the defendant in error, must have found such to be the case. The state of the evidence did not preclude it.

On the re-direct examination of defendant in error, his counsel asked him to explain the circumstances under which he made the payment to Jacob which was made inducement of the bond. This was objected to as irrelevant, immaterial, and not proper re-direct examination. The objection was overruled, and the witness testified that he surrendered

to Jacob some notes Jacob had given to the testator, as part payment of the amount to pass to Jacob for the bond, and that the rest was paid to Jacob in money.

The question put to the witness was not objectionable so far as appears.

An argument is now made, however, not against the question, but upon the effect which the court ought to have given to the answer, when considered with other proof put in. There is nothing for any such argument to rest on. No propositions, as in the nature of requests to charge, were submitted, and no special finding made. We have simply a general finding, in substance the same as a general verdict, in favor of defendant in error, and no exceptions to the finding.

Lastly, a point is made upon the exclusion of proof offered by plaintiffs in error to offset against the claim of defendant in error certain matters of charge by Jacob Van Middlesworth alone against defendant in error, and which accrued after the bond. These matters were not made operative as payments, and were not urged as of that character. The refusal of the offer was correct.—*Sub. 6 of § 5796, C. L.* Even the case cited by counsel for plaintiffs in error (*Sherman v. Crosby, 11 J. R., 70*) admits it, and none of the authorities referred to, to impugn the ruling, apply. The plaintiffs in error were necessarily joined as defendants. Their obligation was joint, and one of them, LeFever, had no interest whatever in the claims sought to be set off. He could not stand in court to litigate and enforce as a counter claim a demand in which he had never had or pretended to have a scintilla of legal interest.

No error is shown, and the judgment should be affirmed, with costs.

The other Justices concurred.