# MEMORANDA.

## JOSEPH WERTIN ET AL. v. MARLOW H. CROCKER.

*Case made—Findings—Exceptions.*

The Supreme Court has no jurisdiction of cases made for review upon the facts, even though the record leads irresistibly to the inference that the case below turned upon certain questions of law; the party complaining of the judgment must have excepted to rulings on points of law, or to the rendition of judgment upon the findings of fact.

Where the record in ejectment shows no finding of facts nor exceptions to the rulings of the judge, but merely recites that the parties proved certain things and that the judge decided for plaintiff, and rendered judgment in his favor that he recover of defendant the possession of the premises, there is no case made for review.

Case made from Marquette. Submitted June 23, 1880. Decided October 6, 1880.

EJECTMENT. Plaintiffs had judgment. Dismissed.

*Chandler & Grant* for plaintiffs.

*Dan H. Ball* for defendant.

COOLEY, J. Action of ejectment. Both parties claim title through one John Fitzgerald; the plaintiffs by purchase on the foreclosure of a mortgage given by him, and the defendant by sheriff's deed on an execution sale. The case was tried by the circuit judge without a jury. The record shows no finding of facts by the judge, but there is a recital that the parties respectively proved certain things, supposed to be sufficient to establish their case or defense. No exceptions to rulings of the judge appear. The only finding of any sort which appears is that the "said circuit judge decided said cause in favor of the said plaintiffs, and rendered a judgment in their favor that they recover of

the defendant the possession of the said premises." The defendant brings the judgment here on case made.

It is manifest that this is nothing but a case made for review upon the facts; and of such a case the statutes do not give us jurisdiction. It is true, we may infer from the record that the case in the court below turned upon a certain question of law; but that is true of most cases as they stand upon the facts. If the inference were irresistible, it would not help the party complaining of the judgment; he must come here with exceptions to rulings upon points of law, or upon findings of fact which he claims do not support the judgment.

The case must be dismissed.

The other Justices concurred.