MINER HEDGES v. WELLINGTON HIBBARD, JOHN A.
COVODE ET AL.

*Exceptions cannot rest on general findings or on deductions.*

No question for review arises upon a record brought up as a case made
and containing only a statement of the facts found by the court, and
the judgment thereon.

No exception can be taken to a judgment upon a general finding of facts
made by the court, where no special findings were asked for or
made.

Mere deductions from the evidence, made after judgment as a basis for
review, are not part of the record and can not be brought up on
error.

Case made from Kent. Submitted June 30. Decided
October 5.

ASSUMPSIT. Defendants had judgment. Affirmed.

*Taggart & Wolcott* for plaintiff.

*Simonds & Fletcher, John Patton, Jr.* and *Taggart,
Stone & Earle* for defendant.

GRAVES, J. This record is brought up as a case made
after judgment, but it raises no question. It sets up the
pleadings and informs us that the cause was tried by the
court without a jury and that on the "trial the following
facts were proven," and after reciting them it proceeds to
say, that "upon the foregoing facts the said cause was sub-
mitted to the court, whereupon afterwards, and on the 21st
day of December, A. D. 1880, the said court rendered judg-
ment against the said plaintiff and in favor of the said defend-
ants for their costs to be taxed and the said plaintiff did
then file his written exception to the said judgment."

No special findings of any kind were asked for or made.
The cause was tried before the judge on general evidence
and he decided in accordance with his view of that evidence

in the same manner in which a jury would have-decided by general verdict, and his general conclusion on the effect of the evidence was followed by the only judgment which could be given on it. There was no more occasion for an exception than there would have been in case a jury had returned a general verdict for the defendants.

The matters stated in the record as being the "facts proven" are deductions made from the evidence since the judgment, for the purpose of constructing a case for review in this court. They were not constituents of the record when the judgment was given and a writ of error would not have brought them up, and it would be extravagant to suppose they could be reviewed as though they were the foundation of the judgment. The provisions for deciding cases on agreed facts have no application: Comp. L. §§ 4947, 6191, and of course the proceeding has no relation to the case where the question is whether there is any evidence on some specified point. The practice has been misconceived. *Chatterton v. Parrott*, at the last June term, *ante* p. 432, is exactly parallel. The irregularity is doubtless of small consequence because no foundation is discovered in what are represented as the "facts proven" for any different judgment.

The judgment is affirmed with costs.

The other Justices concurred.