SYLVERINE PETERSEN ET AL. v. THE DOOR, SASH & LUM-
BER COMPANY.

*Notice of holding goods subject to order—Set-off.*

Money paid in advance for goods which not only do not correspond to·
the contract but are worthless may be recovered back by the buyer
as paid without consideration, and he can therefore treat it as set-
off; and he may do so with no other notice to the dealer that the·
goods are held subject to the latter's order than is implied in notice
of the facts, of the worthlessness of the goods, and of his refusal
to take them.

Error to Saginaw.　(Gage, J.)　June 6.—June 20.

ASSUMPSIT.　Defendant brings error.　Reversed.

*Tarsney & Weadock* for appellant. Notice from the·
buyer to the vendor that the goods are held subject to the
latter's order, is unnecessary if he notifies him that they
do not correspond to the contract of sale and that he refuses
to take them: *Hargous v. Stone* 1 Seld. 86; *Kimball &c.
Mfg. Co. v. Vroman* 35 Mich. 327; *Grimoldby v. Wells*
L. R. 10 C. P. 391; *Lucy v. Mouflet* 5 H. & N. 233; *Gill
v. Kaufman* 16 Kan. 571; *Brown v. Corporation* 35 U. C.
(Q. B.) 509.

*Hanchett & Stark* for appellees. A purchaser rejecting
goods cannot recover back the purchase money unless
within reasonable time he gives the vendor notice that he
declined to accept them and that they are subject to his
order: 1 Pars. Cont. 592; Benjamin on Sales 748; Hilliard
on Sales 313–319; *Reed v. Randall* 29 N. Y. 362; *Cole-
man v. Gibson* 1 M. & R. 168; *Rogers v. Hanson* 35 Iowa
286; *Hirshhorn v. Stewart* 49 Iowa 418; *Doane v. Dun-
ham* 65 Ill. 516, 517: 79 Ill. 131.

GRAVES, C. J.　The object of this action was to recover
the price of certain saw-logs sold and delivered; and the·
defendant, a corporation of the state of Ohio, endeavored

to set off an amount of money paid in a prior transaction concerning shingles, and claimed to be recoverable as money paid to the plaintiffs' use. The plaintiffs recovered; and now the defendant urges that the jury were misled by the charge given by the circuit judge concerning the transaction relative to the shingles. The controversy is reduced to a question respecting the defense of set-off, but some detail is necessary to an understanding of it.

The plaintiffs are situated at Midland, in this State, and the defendant is established at Columbus, in the state of Ohio. In August, 1881, the defendant bargained with the plaintiffs for two car-loads of No. 2 shingles, to be delivered at Columbus, at a price agreed on, and the plaintiffs soon afterwards sent forward the agreed quantity, and also drew against the consignment for $210. The draft was accepted and afterwards paid by the defendant. The freight was also paid, together with some other charges.

The defendant's evidence tended to show that the shingles forwarded were found to be not No. 2, but worthless culls, and were refused, and that the defendant gave due notice of these facts to the plaintiffs. The defendant's evidence tended further to establish that as matter of fact the shingles had been since held subject to the plaintiffs' order, and that in December of the same year the plaintiffs actually tried to sell to other persons at Columbus. In reply to this matter of defense the plaintiffs interposed the claim that the shingles conformed to the bargain, and were dealt with as though they belonged to the defendant, and they submitted evidence tending to disprove the showing by defendant to the contrary.

When the circuit judge came to instruct the jury he submitted the claim of set-off, and stated the grounds on which he conceived it to depend. He informed the jury that among other things necessary to sustain the claim they must find that the defendant notified the plaintiffs that the shingles were held subject to their order. This was repeated several times, and great stress seems to have been placed upon it.

Now, it seems not to have been claimed by the defendant that there was any notification in terms to the plaintiffs that the shingles were held subject to their order. The position of the defendant, which, as is contended, should have been recognized in the charge, was that the shingles, as the plaintiffs were fully informed, were not only not such as were contracted for and were actually refused, but were entirely worthless, and hence that the amount paid was proper matter of set-off, because it was a payment without any consideration, though made at the plaintiffs' request.

It appears to the Court that the point is well taken, and that the defendant was entitled to have this theory submitted. The charge excluded it. If the facts were as claimed by it,—if the shingles were not such as were bargained for but were destitute of value and were refused, and these facts were duly made known to the plaintiffs,— it is not material whether they were or were not told, either directly or indirectly, that they were held subject to order. Not conforming to the contract, and being unaccepted and at the same time wholly valueless, it was sufficient if the plaintiffs had proper notice of the facts to warrant a direct recovery back of the money paid on the draft as money paid for the plaintiffs without consideration, and was, hence, a good demand by way of set-off. As the case in this aspect of it was withheld from the jury, we think there should be a new trial.

The judgment is, therefore, reversed with costs, and a new trial granted.

The other Justices concurred.