THE WALTER A. WOOD MOWING & REAPING MACHINE
COMPANY v. JOSEPH H. SEAVER.

*Set-off—Case made—Exceptions to findings—Assignments of error.*

1. Where judgment is rendered in favor of a defendant because the plaintiff's demand is not due, the defendant is not entitled to judgment under his claim of set-off.
2. Where no amendments are proposed to the findings of fact, nor exceptions taken to the findings as made, the only assignment of error open to the appellant, on a case made contain-

ing nothing but the findings and judgment, is that the findings do not support the judgment.

Case made from Gratiot. (Hart, J.) Submitted on briefs February 4, 1892. Decided March 11, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*J. Lee Potts,* for appellant.

GRANT, J. This suit originated in justice's court upon a promissory note dated October 1, 1883, for $73.75, given for a mowing-machine sold to defendant.

The plea was the general issue, with notice of set-off claimed by the defendant under the following circumstances: May 25, 1880, defendant purchased of the plaintiff a self-binding harvester. A written guaranty accompanied the sale, in which it was provided that, if it could not be made to do good work, it should be returned to the place where received free of charge, and the payment of money or notes would be refunded. One day's use was allowed to give the machine a fair trial, and, if it did not work well, notice was to be given to the plaintiff's agent, and a reasonable time allowed to get to it, and remedy the defects. Defendant gave two promissory notes for $150 each, due, respectively, October 1, 1880, and October 1, 1881, which were paid. The findings of the court further proceeded as follows:

" The plaintiff's agent, Mr. Cole, brought the harvester onto the defendant's farm, and started it, but was not able to make the binder work satisfactorily. It would miss binding bundles quite frequently. It was necessary to keep a man following the machine to bind unbound bundles of grain. He attempted to repair it, but did not succeed in making it work right. The defendant used it to cut most of his grain that year. There was

the same fault with its working in 1881. The agent, Cole, was notified, and again tried to fix it. He got a new knotter, but then it would not work good. It was the binder that failed; the grain was cut all right. In 1882 it was tried a little, but did no better. On account of wet weather, the ground was· so soft a harvester could not be used to advantage. In 1883 defendant used it some, but it would not work satisfactorily; again notified Mr. Cole, who again tried to remedy the trouble, but failed. Defendant never accepted it, offered .to let it go back to plaintiff, but the agent, Mr. Cole, said he wanted to try and fix it. The defendant has not used it since 1883. It is on the farm now, where Mr. Cole delivered· it.

"The mower for the payment of which the note in suit was given was purchased of the same agent. The note was given to settle up the account, and with the agreement that it need not be paid till the plaintiff had fixed the harvester.

"There is no testimony showing Mr. Cole had any authority as plaintiff's agent, except to sell machines, arrange for and collect pay, and give the warranty above stated.

"Under the above facts, I do not think the plaintiff is entitled to recover on the note in suit. A judgment should be rendered in favor of the defendant for costs."

1. The defendant insists that, under the findings of fact, the court should have rendered judgment in his favor for the difference between the amount of the note sued upon and the amount paid for the harvester. The findings of fact are not sufficiently specific to justify this conclusion. It does not appear, nor does the judge find as a fact, that the defendant had abandoned the machine or delivered it to the plaintiff. The fact that he offered to let it go back, and that the agent said that he wanted to try and fix it, is not an abandonment of the contract of sale, nor a tender of the property back. Until the question of the warranty was determined, either by agreement or by a suit and judgment in favor of the defendant, the money paid thereon did not become liquidated damages, and the subject of offset. The fair

inference from the findings is that the court rendered the judgment against the plaintiff for the reason that the note had not become due, owing to the agreement that it need not be paid till the plaintiff had fixed the harvester.

It is unnecessary to determine the question whether the demand pleaded as set-off has become *res judicata* by this suit.

2. It is obvious that if the plaintiff had no cause of action, because the suit was prematurely brought, no other judgment than that of no cause of action could have been rendered. A defendant is only entitled to judgment by reason of his set-off when the plaintiff's demand is due. If the defendant desired an adjudication upon both points, he should have proposed amendments to the findings, and excepted in case of refusal. He neither proposed amendments nor excepted to the findings as made. We cannot, therefore, on a case made, review the errors alleged. *Wertin v. Crocker*, 47 Mich. 642; *McKinnon v. Atkins*, 60 Id. 419; *Wilkinson v. Earl*, 39 Id. 626; *Hedges v. Hibbard*, 46 Id. 551; *Chatterton v. Parrott*, Id. 432. This case does not come within the rule laid down in *Henderson v. Detroit*, 61 Mich. 382.

Judgment affirmed.

The other Justices concurred.