## CHICAGO RUBBER CLOTHING COMPANY v. CLINTON G. POWERS.

### *Set-off—Sale—Warranty.*

In an action of *assumpsit,* the defendant may set off a claim for money paid the plaintiff for goods sold defendant under an express warranty of quality, which goods proved to be worthless; citing *Petersen v. Lumber Co.,* 51 Mich. 86; *Gutta Percha Manfg. Co. v. Wood,* 84 Id. 452.

Error to Branch. (Loveridge, J.) Submitted on briefs April 19, 1892. Decided May 6, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*John S. Evans*, for appellant.

*W. H. Lockerby*, for defendant.

LONG, J.  The plaintiff is a corporation doing business at Racine, Wis.  The defendant is a merchant at Quincy, this State, selling clothing at retail.  In November, 1888, the plaintiff sold a bill of goods to the defendant, consisting principally of rubber coats.  The goods were warranted to be first-class in every respect, and any defective goods were to be returned, or the value thereof charged up to the company.  The goods proved worthless, and the defendant was obliged to refund to purchasers the price paid for the same.  The defendant paid for the goods several months before he sold any of them. On June 7, 1889, the defendant ordered by letter from the plaintiff one rubber coat at a price of $2.85.  The coat was shipped to the defendant, and a bill forwarded for the same.  Payment was refused, and this action was brought, and defendant had verdict and judgment in his favor.  Plaintiff appealed to the circuit court for Branch county, and upon trial there defendant had verdict and judgment for $14.95.  Plaintiff brings error.

The defendant gave testimony upon the trial that he purchased his first bill of goods of plaintiff through its agent, who called upon him at his store in Quincy, and there exhibited to him a piece of rubber, which he claimed was a sample of the rubber from which the plaintiff company manufactured its rubber goods.  He stated that all of their goods came with the factory stamp, and if all these goods with their stamp on were not all right, and the goods were in any way defective, if defendant sold such defective goods, he should take them back from the customer, and make it all right with the customer by giving him new goods, and charge them back

to the company.    It was under this arrangement and agreement with the plaintiff's agent that he (the defendant) purchased the goods in November, 1888.    The defendant further testified that this bill of goods amounted to upwards of $53, for which he paid plaintiff before making sales; that he sold many of the goods which were brought back to him by purchasers by reason of defects, and for which he gave other goods in return.    The coat for the price of which this action is brought was purchased in June, 1889.    The defendant on the trial abandoned his defense under his notice of recoupment, and relied upon his notice of set-off.

The theory of the plaintiff was that, under defendant's claim, he was bound to notify the plaintiff of the non-acceptance of the goods if they were defective, and, failing to do so, he ratified the purchase, and accepted the goods in the condition in which they were received.

The court submitted the claims of the respective parties to the jury under a very full and fair charge, so that the questions of fact were settled by the jury.

We think the case falls within the ruling of this Court in the cases of *Petersen v. Door*, 51 Mich. 86, and *Gutta Percha, etc., Co. v. Wood*, 84 Id. 452.

We find no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.