IN THE MATTER OF THE ESTATE OF GEORGE BUCHAN, DECEASED. APPEAL OF ISABELLA HUGHES.

*Practice in Supreme Court—Findings of fact—Estates of deceased persons—Accounting by administrator—Evidence.*

1. The Court will not, in the absence of findings of fact, go into an examination of the testimony received on the trial of an appeal from probate court, to ascertain whether there is any testimony supporting any possible findings of fact which would sustain the judgment; citing *Haines v. Saviers,* 93 Mich. 440, 441, and cases cited; *Child v. City of Jackson,* Id. 503.

2. An administrator's final account showed the amount received and paid out on account of the estate, and stated that the debit balance had been turned over by the administrator to himself, as guardian of the minor children of the deceased, and accounted for by him as such guardian, and the account as thus balanced was allowed by the probate court. On the trial of an appeal from the order of allowance, testimony was received tending to show that the personal property of the deceased had all been applied to the payment of his debts; that the only remaining property consisted of a lot, on which was a store building with tenements above; that, during all of the time since the death of their father, four of the minor children had occupied one of the tenements; that the debit

balance referred to in the account was never in fact paid to the administrator, but that one of the daughters of the decedent had received the rents, and receipted for them in the name of the administrator, and applied them from time to time to the support of the family, consisting at first of all of the children, including the appellant, and, after her marriage, of the remaining children. The testimony was objected to as in contradiction of the charge which the administrator had made against himself. And it is held that such was not the purport of the testimony, but that it was offered for the purpose of showing a disbursement of the fund under such circumstances as, it was claimed, would relieve the administrator from accounting further to the estate, his theory being that this method of dealing with the estate had the approval of all the adult children, and that he, as guardian, had properly accounted for the funds received on account of his wards.

Error to Wayne. (Reilly, J.) Submitted on briefs February 16, 1894. Decided May 18, 1894.

Appeal from an order of the probate court allowing the final account of James H. Menzies, administrator *de bonis non* of the estate of George Buchan, deceased. The appellant brings error. Order affirmed. The facts are stated in the opinion.

*Ed. E. Kane,* for appellant.

*Henze & Slade,* for appellee.

MONTGOMERY, J. In 1879, George Buchan died intestate, leaving a wife and six daughters, whose ages were as follows: Isabella (now Hughes), aged 19; Catherine, aged 14; Mary, aged 12; Maggie, aged 10; Jessie, aged 8 (since deceased); and Ida, aged 6. The widow, who had been appointed administratrix of the estate, died in less than a year after the decease of her husband, and James H. Menzies, an uncle of the minor children, was appointed administrator *de bonis non.* He continued in office until March 10, 1892, when his final account as administrator, filed on the 30th of December preceding, was allowed.

The account showed that he had received $10,340.51, and paid out for the estate $8,493.31, including a charge for his services as administrator of $500. The balance, $1,847.20, is stated in the account to have been turned over by the administrator to himself, as guardian of the minor children, and accounted for by him as such guardian. The account thus balanced was allowed by the probate court. Mrs. Hughes appealed to the circuit, where the order of allowance was affirmed, and she now brings the proceedings had on the trial at the circuit to this Court for review.

At the trial the testimony tended to show that the personal property had all been applied to the payment of debts, and that the only remaining property consisted of a lot on Grand River avenue, in Detroit, upon which was situated a double store building with two tenements above the stores; that, during all the time since the decease of their father, four of the minor children had occupied one of the tenements; that the $1,847.20 referred to in the account was never in fact paid into the hands of the administrator, but that Catherine Buchan, one of the daughters, had received the rents, and receipted for them in the name of the administrator, and had applied the rents received from time to time to the support of the family, consisting at first of all the children, including the appellant, and after her marriage, in 1880, consisting of the remaining children, and that the same was true of the amount charged for compensation for services, and that, in addition, the administrator had contributed of his own funds for the support of the children. Objection was taken to the admission of the testimony tending to show this state of facts on the ground that it was in contradiction of the charge which the administrator had made against himself. But we do not so understand the purport of the testimony. It was not an attempt to contradict

the charge. The administrator recognized that the charge should properly be made, but the testimony referred to was offered for the purpose of showing a disbursement of the fund under such circumstances as, it was claimed, would relieve him from accounting further to the estate; the theory of the administrator being that this method of dealing with the estate had the approval of all the children who were of age, and that he, as guardian, had properly accounted for the funds received on behalf of the minor children.

It is contended, however, that the showing was not sufficient to discharge the administrator from liability. This question is discussed in the briefs of counsel upon the apparent supposition that the Court will weigh the testimony. There were no findings of fact, and we are not advised as to what inferences were drawn from the testimony by the trial judge.

It is contended by the administrator's counsel that there was testimony which fairly tended to show that the disposition which was made of the rents was known during all the years to the appellant; that, while this is not directly proven, yet the legitimate inferences from the proven facts justify such a conclusion. It appears, for instance, that she for a time lived in one of the tenements with the other members of the family, and that for nine years thereafter she lived in the same city, and visited back and forth with her relatives; and it is urged that from her close relationship, and her familiarity with their circumstances, she must· have known how they were being supported, and, further, that, with this knowledge, the statement of the appellant at the time of her departure to Chicago (made to the administrator in answer to a question from him as to whether she wished to have the property divided), that she was satisfied that it should not be divided until the children were all of age, could fairly be construed as author-

ity to proceed with the appropriation of the rents in the manner in which they had been appropriated, and that she must have intended to assent that the funds should be devoted to the support of her minor sisters.    As before stated, we are not, upon this record, able to determine what inferences the circuit judge drew from the testimony, nor whether such inferences were justified.    The appellant has not asked any findings of fact.    Under such circumstances, we cannot, under settled rules of practice, go into an examination of the testimony to ascertain whether there is any testimony supporting any possible findings of fact which would sustain the judgment.    *Haines v. Saviers*, 93 Mich. 441, and cases cited; *Child v. City of Jackson*, Id. 503.

The order below will be affirmed, with costs.

The other Justices concurred.