105  395
115  417

OZIAS W. SHIPMAN v. CHARLES CORYELL AND FRANK
T. WOODWORTH.

*Set-off—Unliquidated damages.*

In *assumpsit* to recover the amount due for a quantity of coal
sold and delivered to the defendants, they sought to set
off against plaintiff's claim, the amount of which was ad-
mitted, a claim for 110 tons of screenings, which, as they
claimed, were worthless, and 31 tons of pea coal, worth $3
per ton, while the price was $5.10 per ton, being part of
a quantity of coal bought of the plaintiff and paid for during
a previous year, and which was to be chestnut, egg, and
stove coal, upon the theory that defendants bought no pea

coal or screenings, and that, of the money paid, the portion covering the pea coal and screenings was paid without consideration, and might be recovered in an action for money had and received, or might be set off in said suit. And it is held that the defendants cannot say that the money was paid without any consideration; that the only claim they have, if any, is one for unliquidated damages, for which they must bring their action; citing *Machine Co. v. Seaver*, 90 Mich. 546.

Case made from Bay. (Maxwell, J.) Submitted on briefs May 2, 1895. Decided May 21, 1895.

*Assumpsit.* Defendants assign error. Affirmed. The facts are stated in the opinion.

*C. L. Collins*, for appellants.

*J. L. Stoddard*, for plaintiff.

Hooker, J. The defendants appealed from a verdict and judgment rendered against them by direction of the circuit court.

Plaintiff's action is based upon an admitted claim of $561, and the only question in the case relates to a claim of set-off arising upon a previous transaction. In June and July, 1893, the defendants received a large quantity of coal, previously ordered from the plaintiff, which, they allege, was to have been chestnut coal, egg coal, and stove coal. On July 24 and August 28, respectively, the defendants gave their notes, aggregating $6,134, being the full price of this coal. These notes were subsequently paid, the note for $4,134 being paid on March 2, 1894. The defendants offered to prove that they began selling this coal from their bins in September, 1893, and in selling it, and in handling it to deliver to their customers, it was discovered that it contained a large quantity of screenings, and a quantity of pea coal; that the amount of these grades could not be ascertained until the coal was all sent out, and that it was not all sent out until the spring of 1894; that a careful account was kept,

and that the screenings amounted to 110 tons, and the pea coal to 31 tons; that the pea coal was worth $3 per ton, and the screenings were worthless, and that defendants had paid $5.10 for the same. The screenings and pea coal constituted a portion only of the coal received and paid for. The counsel for the defendants relies upon the claim that the defendants bought no pea coal or screenings, and that, of the money paid for the cargoes, the portion covering the pea coal and screenings was paid without consideration, and may be recovered in an action for money had and received, or may be set off in this action.

The circuit judge was clearly right. The defendants have received and appropriated to their own use all of the coal received, either because they preferred to do so, or because they could not conveniently return it. At all events, they have not chosen to refuse to receive the coal, or to rescind the contract and return the coal, without delay, upon discovering the quality. Their remedy, if they have any, must be based upon the contract in an action for its breach.

We are cited to several cases in support of the defendants' contention, but we think that they are not in point. One is where money paid upon an illegal contract was held to be paid without consideration. *Webber v. Howe*, 36 Mich. 150. Another was where a quantity of shingles were refused because not of the quality contracted, and the vendor notified that they would not be accepted. Moreover, they were entirely worthless. Money paid upon the bill of lading was permitted to be set-off. *Petersen v. Lumber Co.*, 51 Mich. 86. In *Gutta Percha & Rubber Manfg. Co. v. Wood*, 84 Mich. 452, a set-off was permitted, when the claim set off was for money paid for goods, the whole of which were entirely worthless. But in that case the Court expressly stated that it was error for the trial court to instruct the jury that if the goods were *not* entirely worthless, but were of some value, they should find that value, and deduct it from the defendants'

claim. See, also, *Chicago Rubber Clothing Co. v. Powers*, 91 Mich. 466.

These cases rest upon the proposition that, the money having been paid without any valuable consideration, an action for money had and received will lie. But no such state of things exists here, for the coal was not worthless. At the most, but a part of it was worthless, and there was abundant consideration to support the contract of purchase. The defendants cannot say that the money was paid without any consideration, and the only claim they have, if any, is one for unliquidated damages, for which they must bring their action. *Wood Mowing Machine Co. v. Seaver*, 90 Mich. 546.

The judgment of the circuit court must be affirmed.

The other Justices concurred.