LAIRD *v.* COACH.

1. APPEAL—REVIEW.

A case tried by the court without a jury cannot be reviewed on the evidence where no findings of fact and law were requested or made.

2. TITLE TO LAND—TAX DEEDS.

Two tax deeds, one of which conveys to the grantee an undivided three-fourths of the land for delinquent taxes of a specified year, and the other an undivided third for delinquent taxes of the succeeding year, do not necessarily convey the entire title to the purchaser.

3. TROVER—CONVERSION OF TIMBER—PROOF OF TITLE.

Plaintiff brought trover for the conversion of timber, the declaration covering all the timber cut and removed from certain land to which he claimed title. Upon the trial he proved title to an undivided two-thirds of the land only, and defendant thereupon introduced in evidence, over plaintiff's objection, a deed through which he claimed. *Held,* that it was competent for defendant to show title to any interest in the land, and that the deed was admissible for such purpose.

Error to Baraga; Hubbell, J. Submitted April 16, 1897. Decided May 11, 1897.

Trover by William H. Laird against William Coach. From a judgment for defendant, plaintiff brings error. Affirmed.

*Hill & Rood,* for appellant.

*P. R. McKernan* (*Chadbourne & Rees,* of counsel), for appellee.

GRANT, J. Suit in trover for the conversion of the timber cut and removed from certain land to which plaintiff claimed title.

The case was tried before the court without a jury, and no finding of facts and law was requested or made. We cannot, therefore, review the case on the evidence.

One exception was taken, to the introduction of a deed from one Williams to the defendant, and upon this error is assigned. Plaintiff had introduced deeds which conveyed to him the original title to the undivided two-thirds of the land. These deeds were unrecorded when defendant purchased through Williams, who is claimed by plaintiff to have been defendant's agent. Plaintiff had also introduced two tax deeds, one of which conveyed to him the undivided three-fourths of the land for delinquent taxes of 1888, and was on record when defendant purchased; and the other, an undivided one-third for delinquent taxes of 1889. It cannot be said that these tax deeds conveyed the entire title to plaintiff. He had shown the original title to only two-thirds. His declaration covered all the timber cut and removed. It was competent for defendant to show title to any interest in the land, and the deed was admissible for the purpose. Its admission was therefore not error.

Judgment affirmed.

The other Justices concurred.