McDONELL *v.* UNION TRUST CO.

SAVING QUESTIONS FOR REVIEW — CASE TRIED TO COURT — RE-
QUEST FOR FINDINGS.
  Where, in a case tried to the court, without a jury, there are
  no findings of fact or law, the sufficiency of the evidence to
  support the judgment cannot be reviewed.

Error to Kent; Perkins, J. Submitted February 9,
1905. (Docket No. 127.) Decided March 21, 1905.

Garnishment proceedings by Archibald McDonell and
Patrick W. O'Connor, copartners as McDonell Bros. &
Company, against the Union Trust Company as garnishee
defendant of the Traverse City, Leelanau & Manistique
Railroad Company. There was judgment for plaintiffs,
and the garnishee defendant brings error. Affirmed.

*Russel & Campbell,* for appellant.

*J. Byron Judkins,* for appellees.

*William F. McKnight,* for principal defendant.

HOOKER, J. An insuperable objection to the review of
the questions discussed in this cause is the want of find-
ings of fact or law. We have often held that in such cases
we cannot examine the testimony to see whether it sup-
ports the judgment. *Van Middlesworth* v. *Van Mid-
dlesworth,* 32 Mich. 183; *Plumer* v. *Abbey,* 39 Mich. 167;
*Hedges* v. *Hibbard,* 46 Mich. 551; *Green* v. *Gill,* 47
Mich. 86; *Wertin* v. *Crocker,* 47 Mich. 642; *Irwin* v.
*Schlief,* 48 Mich. 237; *Morgan* v. *Botsford,* 82 Mich.
153; *Haines* v. *Saviers,* 93 Mich. 440; *Child* v. *City of
Jackson,* 93 Mich. 503; *Merrill* v. *Newton,* 99 Mich.
229; *Gemberling* v. *Lazarus,* 100 Mich. 324; *In re
Buchan's Estate,* 100 Mich. 219; *Barnum* v. *Andrews,*

106 Mich. 81; *Robson* v. *Dayton*, 111 Mich. 440; *Laird* v. *Coach*, 112 Mich. 628; *Hubbard* v. *Garner*, 115 Mich. 406; *Goulet* v. *Perry*, 123 Mich. 264; *Wickes* v. *Pulfrey*, 131 Mich. 407.

The case of *O'Brien* v. *Evans*, 107 Mich. 625, appears to be a relaxation of this rule. In that case there was no finding of facts. A motion for judgment upon specific grounds was made, however, and an exception follows the charge which disregarded the motion, and was, in effect, a denial of the motion. It may be doubtful if this should have been treated as a ruling made upon the introduction of evidence, or as a denial of a request for specific findings, as it apparently was; but the question was not raised by counsel, and was not considered.

We have no alternative but to affirm the judgment, and it is so ordered.

Moore, C. J., and McAlvay, Grant, and Montgomery, JJ., concurred.