WILSON *v.* MEDLER.

1. SAVING QUESTIONS FOR REVIEW—FINDINGS—EXCEPTIONS.
   Where there are no findings of fact made or requested, and no exception to entry of judgment, the proceedings before judgment cannot be reviewed.

2. JUSTICES OF THE PEACE—JUDGMENTS—JOINT DEFENDANTS.
   By the express provision of Act No. 199, Pub. Acts 1899, in an action brought in justice's court recovery may be had against one of the defendants, though the other be found not liable.

3. APPEAL AND ERROR—NEW TRIAL—GROUNDS OF REFUSAL.
   Where one ground of overruling a motion for new trial is decisive of the case, the correctness of other reasons stated by the trial judge will not be considered.

Error to Gratiot; Stone, J. Submitted April 12, 1905. (Docket No. 57.) Decided May 12, 1905.

Assumpsit by Winnifred Wilson against J. Frank Medler and wife for money had and received. There was judgment for plaintiff, and defendants bring error. Affirmed.

*H. M. Dunham* (*Dunham & Malcolm*, of counsel), for appellants.

*Bert Hayes*, for appellee.

CARPENTER, J. The case made by plaintiff's testimony, briefly stated, is this: Defendants are husband and wife. In the absence of her husband, defendant Elizabeth and plaintiff entered into an oral agreement whereby the defendants were to sell, and plaintiff to buy, a house and lot in the village of Alma. This property was owned by defendants as tenants by the entirety, and occupied by them as a homestead. In pursuance of this agreement, plaintiff took possession. Defendants refused to

carry out their agreement, and plaintiff refused to surrender possession. Defendants instituted summary proceedings to recover possession. The parties then agreed upon a compromise whereby plaintiff yielded possession in consideration of defendants' promise to pay him the sum of $15. This suit was brought to recover said sum, and resulted in a judgment both in the justice and circuit courts in plaintiff's favor. The case was tried by the court without a jury. No finding of facts was made or requested, and no exception was taken to the entry of judgment. We cannot, therefore, review the proceedings before judgment. See *McDonell* v. *Union Trust Co.*, 139 Mich. 386. After the entry of judgment, defendants made an oral motion to set aside the same, which the trial court treated as a motion for a new trial. This motion was denied, and to this denial defendants excepted.

The only question open for our review is the action of the trial court in refusing to grant a new trial. Was the trial court in error in overruling defendants' motion? We cannot say that the trial court erred in refusing to grant a new trial unless there was error in overruling one or more grounds upon which it was asked. To ascertain the grounds of the motion for a new trial, we must look at the opinion denying the same. The only ground stated in that opinion is " that Elizabeth Medler cannot be held jointly with her husband, J. Frank Medler, as the contract, if made, did not pertain to her separate estate, and that the judgment is wrongful as to her, and that judgment must be rendered against both defendants or neither." It is obvious that the proposition contended for by defendants was this: That, as one of them was not liable, judgment must be rendered in favor of both. This is made clear by the subsequent language of the trial judge, who says: "The case is fully covered by Act No. 199 of the Laws of Michigan of 1899." It is true that the trial judge then stated other reasons for overruling defendants' motion. We shall not consider the correctness of those other rea-

sons, for the statute cited by the trial judge clearly justified his ruling.

The judgment is affirmed, with costs.

MOORE, C. J., and McALVAY, OSTRANDER, and HOOKER, JJ., concurred.