HOSIE *v.* HART.

1. EVIDENCE—JUDGMENTS.
   In an action on a bond conditioned to pay a judgment, a judgment valid on its face, prima facie establishing defendant's liability, is properly admitted in evidence.

2. SAVING QUESTIONS FOR REVIEW—FINDING OF FACTS—NECESSITY.
   In an action on a bond conditioned to pay a judgment, where the judgment was introduced in evidence, and defendant introduced testimony to invalidate the judgment, error of the court in upholding the judgment, as evidenced by the rendition of judgment for plaintiff, cannot be reviewed in the absence of a finding of facts.

Error to Benzie; Chittenden, J. Submitted October 6, 1905. (Docket No. 20.) Decided November 10, 1905.

Assumpsit by William Hosie against William A. Hart, principal, and John A. Evitts and Lewis J. Tripp, sureties, on an appeal bond. There was judgment for plaintiff, and defendants bring error. Affirmed.

*Smurthwaite & Alway,* for appellants.

*M. G. Paul,* for appellee.

CARPENTER, J. This suit was brought upon a bond executed by defendants, conditioned upon their paying any judgment that might be rendered against the first-named defendant in an attachment suit commenced against him by plaintiff. The cause was tried before the circuit judge without a jury. On the trial plaintiff introduced in evidence a record of a judgment, valid on its face, establishing defendants' liability. Defendants offered testimony which they claim proved the invalidity of said judgment. The trial court rendered a judgment in favor of plaintiff. No finding of facts was either made or requested.

Defendants bring the case to this court, and ask a re-

versal of the judgment against them on this ground, and
this ground only, viz., that the judgment which fixed
their liability was void.   Under the settled practice of this
court, we are not at liberty to consider defendants' con-
tention.   If the trial court erred in upholding the judg-
ment (and this we do not decide), that error occurred,
not in making a ruling to which defendants excepted (for
the ruling admitting the judgment record in evidence was
not, as claimed by defendants, erroneous), but in render-
ing judgment in favor of the plaintiff.   Without a finding
of facts we cannot determine whether or not the trial
court erred in rendering such judgment.   See *Wertin* v.
*Crocker*, 47 Mich. 642; *McDonell* v. *Union Trust Co.*,
139 Mich. 386, and authorities cited.

Judgment is therefore affirmed.

Moore, C. J., and Grant, Montgomery, and
Hooker, JJ., concurred.