PEOPLE, *for use of* P. KOENIG COAL CO., *v.* DAVIS.

1. PAYMENT—GIVING OF NOTE NOT PAYMENT UNLESS SO AGREED.
   The giving of a promissory note is not payment unless so
   understood by the parties, but if so understood and agreed
   by the parties, it is payment as matter of law.

2. SAME—NOTE SHOWN TO HAVE BEEN GIVEN AND ACCEPTED AS
   PAYMENT FOR MATERIAL—BONDS—MATERIALMAN.
   In an action by a materialman on a bond given by a
   sewer contractor pursuant to 3 Comp. Laws 1915, § 14827
   *et seq.*, for the price of material furnished to a sub-
   contractor which went into the construction of the sewer,
   the finding of the trial court that a note had been given
   and accepted as payment for said material, *held*, sup-
   ported by the evidence.

Error to Wayne; Gilbert (Parm C.), J., presiding.
Submitted October 8, 1926.    (Docket No. 59.)    De-
cided December 8, 1926.

Assumpsit by the people of the State of Michigan,
for the use and benefit of the P. Koenig Coal Com-
pany, against Charles M. Davis, principal, and the
New Amsterdam Casualty Company, surety, on a stat-
utory bond.    Judgment for defendants.    Plaintiff
brings error.    Affirmed.

*Edwin R. Monnig, Harold Goodman,* and *Frank P.
Darin,* for appellant.

*Stevens T. Mason,* for appellees.

FELLOWS, J.    This action is brought on a bond given
pursuant to the provisions of section 14827 *et seq.*,
3 Comp. Laws 1915.    Plaintiff furnished to one

[1]Payment, 29 Cyc. pp. 1194, 1196; [2]Id., 29 Cyc. p. 1293; 13 A.
L. R. 1047; 21 R. C. L. 72; 4 R. C. L. Supp. 1403; 5 R. C. L. Supp.
1142; 6 R. C. L. Supp. 1253.

Bollin, a subcontractor of Davis, material which went into the construction of a sewer in the city of Detroit. The case was tried before the court without a jury and findings of fact and conclusions of law were filed. The court found upon the facts, (1) that Bollin had given his note to plaintiff which had been paid in part and renewed in part and that the note was given and accepted as payment, and, (2) that the extension of the time of payment was prejudicial to defendant surety by reason of the changed condition of Mr. Bollin, and therefore concluded, as matter of law, that plaintiff could not recover on the bond.    Plaintiff insists these findings are unsupported by the evidence, and, further, if they have any evidential support, they are clearly against the weight of the evidence.

We shall consider only the first finding of fact.    If it supports the judgment, is in turn supported by the evidence, and is not against its clear weight, the judgment should be affirmed.    We need not consider the authorities from other States.    Since *Gardner* v. *Gorham*, 1 Doug. 507, it has been the settled law of this State that the giving of a promissory note is not payment unless so understood by the parties, but if so understood and agreed by the parties, it is payment as matter of law.    Among the numerous cases, see *Riverside Iron Works* v. *Hall*, 64 Mich. 165; *Swan* v. *Gregory*, 195 Mich. 457; *Delaney Forge & Iron Co.* v. *The Winnebago*, 142 Mich. 84 (113 Am. St. Rep. 566) ; *Hotchin* v. *Secor*, 8 Mich. 494; *Brown* v. *Dunckel*, 46 Mich. 29; *Marinette Iron Works Co.* v. *Cody*, 108 Mich. 381; *Germain* v. *Central Lumber Co.*, 116 Mich. 245; *Au Sable Boom Co.* v. *Sanborn*, 36 Mich. 358; *Van Middlesworth* v. *Van Middlesworth*, 32 Mich. 183.    In the last-cited case it was said by Chief Justice GRAVES, speaking for the court:

"It was proved under objection that Andrew Middlesworth was paid his legacy by defendant in error in cash and note.    The plaintiffs in error urge that

this was not payment in the sense of the obligation, and that no right of action could arise on the bond without payment of the whole in money. This view is quite too narrow. The payment of the amount was the essence of the matter, not the nature of that given and received in payment. On the theory of plaintiffs in error, if Nelson had paid Andrew in cash the whole sum within the fraction of a dollar, and the balance in something else preferred by Andrew, no right of action would have resulted to Nelson on the bond. Certainly the parties could not have intended any such thing and neither the bond nor declaration necessarily requires such a construction. It was entirely competent for Nelson and Andrew to make the note stand as cash for the purpose of payment."

We are satisfied that the finding is supported by the evidence and is not against its clear weight. Plaintiff called as its only witness Mr. Bollin. On cross-examination he testified that the original note was given in payment of the account. It was for $2,000. When it was given he gave his check for what he owed above that amount and plaintiff gave him the discount allowable on cash payments. On redirect-examination by plaintiff's counsel his testimony was somewhat modified. But about the time this note was given he wrote defendant that he had given the note and check "covering payment in full for all material delivered prior to October 1, 1922," and a copy of the letter was sent to plaintiff. No officer or agent of plaintiff was called to strengthen what little testimony he gave to sustain plaintiff's theory or to contradict that given in defendant's favor. Whether the note was given and accepted as payment rested within the knowledge of Bollin and some officer or agent of plaintiff. Bollin's testimony tended to support the claim that it was taken in payment. No officer or agent of plaintiff disputed this. The note bore a greater rate of interest than that fixed by the statute (*Michigan Mutual Life Ins. Co.* v. *Bowes,* 42 Mich. 19), and

when due $500 was paid on the principal and a note for the balance was given payable 60 days thereafter. And, while we do not consider the second finding, some testimony bearing on that issue also bears on this question.    It fairly appears that when the $2,000 note was given Bollin was slipping financially and was not in the best of health.    He had, however, up to about that time, promptly paid his bills and it is his testimony that at that time his note for that amount was good at the bank and with the firms with whom he dealt.    Obviously if his paper was as acceptable at that time as his testimony indicates, plaintiff would not have hesitated in taking it as payment; at least plaintiff treated it as cash and gave the cash discount.

The finding is not against the clear weight of the evidence; it is supported by the testimony; it supports the judgment, which will be affirmed.

Bird, C. J., and Sharpe, Snow, Steere, Wiest, Clark, and McDonald, JJ., concurred.