McMULLEN MACHINERY CO. *v*. GRAND RAPIDS TRUST CO.

1. Payment—Conditional Sales—Notes Not Payment Where Not So Understood by Parties.

    The giving of notes for factory machinery sold under title-retaining contracts may not be regarded as payment, where neither of the parties understood them to be such.

2. Sales—Transfer of Notes Did Not Pass Title to Goods Sold on Title-Retaining Contracts.

    Transfer of the notes by the seller as accommodation paper, which was contemplated by the parties, did not pass title of the machinery to the buyer, where the seller always retained the contracts, and on the buyer's failure to pay the notes, the seller took them up.

3. Same—Carrying General Account on Books Did Not Destroy Title-Retaining Features.

    That the seller's books showed a general account, containing both the conditional sales and other items, did not destroy the title-retaining features of the contracts, making them mere securities for payment of the entire indebtedness in the nature of chattel mortgages, and therefore void as to other creditors of the buyer because of failure to record them, where it never claimed any security on the open accounts, and the manner of carrying the accounts on its books cannot be said to show any intention to do so.

4. Payment—Application of Payments—Receivers.

    Where the seller carried on its books a general account, containing both the conditional sales and other items, and credited thereon all payments received, it may not, after the appointment of a receiver for the buyer, make a new application of such payments.

5. Same—Payments Credited on General Account Applied Pro Rata in Order of Time on Secured and Unsecured Indebtedness.

    Payments so received should be applied to the extinguishment of items antecedently due in the order of time in

---

[1]Payments, 30 Cyc. pp. 1194, 1196; Sales, 35 Cyc. p. 672; [2]Id., 35 Cyc. p. 672 (Anno); 37 L. R. A. (N. S.) 71; 13 A. L. R. 1050; 24 R. C. L. 504; 4 R. C. L. Supp. 1542; [3]Id., 35 Cyc. p. 660; [4]Payments, 30 Cyc. p. 1239; [5]Id., 30 Cyc. p. 1247.

which they stand in the account, and should be apportioned *pro rata* on all notes given for secured and unsecured indebtedness.

Cross-appeals from Shiawassee; Collins (Joseph H.), J.    Submitted April 5, 1927.    (Docket No. 13.) Decided June 6, 1927.    Rehearing denied October 3, 1927.

Petition by the McMullen Machinery Company against the Grand Rapids Trust Company, receiver of the Field Body Corporation, to reclaim certain machinery sold on title-retaining contracts.    From the order entered, both parties appeal.    Affirmed and remanded.

*Corwin, Norcross & Cook* and *Don E. Minor,* for petitioner.

*Travis, Merrick, Warner & Johnson* and *Pulver & Bush,* for defendant.

SNOW, J.    The McMullen Machinery Company of Grand Rapids (hereinafter termed the petitioner), a broker in machinery, sold the Field Body Corporation of Owosso (hereinafter termed the defendant), at different times, various pieces of factory machinery under title-retaining contracts.    It also sold defendant quantities of factory supplies.    It carried a general open account on its books, in which was recorded in chronological order a record of the sales of both the machinery and the factory supplies.    At intervals payments were made by defendant and credited to this account in a like manner.

The contracts of sale referred to contained the following provision:

"The purchaser agrees to make settlement within 30 days after shipment, and to then evidence all payments due at a later date by bankable promissory notes bearing date of shipment and interest or discount. The purchaser further agrees that notes, drafts, or

acceptances given are not to be considered as payment until the entire of this original purchase price, together with the originals of all of said notes, and also all renewals and part renewals thereof, are fully paid in cash."

While settlements were never made within 30 days as provided in the contracts, notes of the defendant company were given from time to time, and credited on the general account. Petitioner now contends, and defendant denies, that the giving of these notes constituted in effect settlements as contemplated by the contracts. The notes when received were discounted by the petitioner at the Old National Bank of Grand Rapids, but no assignment was made of the contracts themselves. Such of the notes as were not paid by the maker, however, were afterwards taken up by the petitioner.

The defendant failed in business, and a receiver of its assets was appointed by the court. Because not paid for in full, the petitioner claimed it was the owner and entitled to the possession of the machinery sold defendant by virtue of the title-retaining contracts above referred to, and it applied to the court for its reclamation. From a decree of the court granting reclamation in part, both parties have appealed.

It is conceded that when defendant made its various payments to petitioner, it specified no particular application to be made of them; nor was any application thereof then made by petitioner, although it now claims the right to apply them first on the open accounts until they are paid in full, and then upon the machinery accounts. Applying the payments in this manner, none of the machines have been paid for in full, and petitioner therefore claims they should be returned or the balance due thereon paid by the receiver.

It is first contended by the receiver that the sale of the notes given by the defendant to petitioner at various times, as payments on the machinery and the

open account, amounted to a passing of the title of the machinery to defendant, thereby destroying any right of ownership or possession that petitioner might have had by reason of its title-retaining contracts of sale in the first instance. The contention finds support in *Merchants', etc., Bank* v. *Thomas & Sons,* 69 Tex. 237 (6 S. W. 565), and in *Winton Motor Carriage Co.* v. *Automobile Co.,* 65 Wash. 650 (118 Pac. 817, 37 L. R. A. [N. S.] 71). But we do not approve of these cases or accept them as controlling of the situation here presented. The petitioner never sold or assigned the contracts themselves. It indorsed and used the notes only as accommodation paper. They were renewed by the maker from time to time, and when the bank refused to carry the renewals longer, petitioner took them up and paid them. The doing of this was in fact contemplated by the terms of the contracts, which provided for the evidencing of indebtedness by notes bearing the date of shipment of the goods sold.

The giving of the notes in the first instance was not understood by either of the parties as payment, and cannot be so regarded. *People, for use of Koenig Coal Co.,* v. *Davis,* 237 Mich. 165. No action which would pass title of the property reserved by the petitioner was ever begun. It possessed and owned the notes when this action was instituted. What it had used them for in the interim was not of consequence to defendant. Petitioner also still owned and possessed the original contracts of sale, which it had never assigned. It had in fact done nothing which showed any intention of abandoning its rights under these contracts. We are therefore constrained to hold that the sale of the notes to the bank did not pass title of the machinery to the defendant. See *Atkinson* v. *Japink,* 186 Mich. 335, and *Myres* v. *Yaple,* 60 Mich. 339. Also, *Southwark Foundry & Machine Co.* v. *Barham,* 124 Wash. 49 (213 Pac. 686).

It is next urged by the defendant that because petitioner's books showed a general account, containing both the conditional sales and other items, that petitioner had thereby destroyed the retention of title features of the contracts, and had made them mere securities for payment of the entire indebtedness in the nature of chattel mortgages, and therefore void as to other creditors because of failure to record. Petitioner has never claimed any security on open accounts, and we do not think that the manner adopted by it in carrying the different items on its books indicated any intention or attempt on its part to do so. Had such a thing been attempted or claimed, a different question would present itself.

Petitioner having lost no rights under its conditional sales contracts on the machinery, we are left with the sole question as to the manner of application of payments to the machinery and the unsecured indebtedness accounts, to determine what, if anything, remains unpaid on the machinery contracts.

The trial court held:

"So the court is of the opinion that the McMullen Machinery Company had made its election as to the application of the payments received from the Field Body Company when it credited them to the general account between them and gave notice thereof to the Field Body Corporation by its statements at various times, and thus it cannot after the appointment of a receiver, make a new application of such payments.

"The court is therefore of the opinion that all of those payments so made should be applied to the extinguishment of items antecedently due in the order of time in which they stand in the account, and that such payments should be apportioned *pro rata* on all notes given for secured and unsecured indebtedness."

This conclusion follows the rule recently enunciated by this court in *Mauro v. Davie,* 236 Mich. 309, in which many former holdings are reviewed.

The amounts due on the contracts for the sale of

the machines will be thus fixed and determined by the decree. If the parties cannot reach agreement, the trial court, upon motion by either, showing such inability, shall determine the same and certify such determination to this court. No costs to either party.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.