FARAGO *v.* KRZYSKE.

1. PAYMENT—APPLICATION BY COURT TO OLDEST ITEM.
   Where neither party has made application of a payment, the court should apply it to the oldest item, especially where the proceeding is in equity and such application will prevent the working of a forfeiture.

2. SAME—MORTGAGES—FORECLOSURE—PAYMENT MADE AFTER FORECLOSURE APPLIED TO REDEEM.
   In a suit by a mortgagor to be relieved from the foreclosure of a mortgage, where it appears that after the foreclosure by advertisement for nonpayment of interest, of which the mortgagor was unaware, he paid more than enough to redeem, although no application thereof was

---

¹Payment, 30 Cyc. p. 1243; ²Id., 30 Cyc. p. 1243.

made, the court below properly applied said payment to redeem from the foreclosure and the balance on the mortgage debt, which in the meantime had become due, and fixed the time within which payment thereof should be made, but which, because of appeal, has become inoperative, and a new date is therefore fixed.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 16, 1927. (Docket No. 12.) Decided July 29, 1927.

Bill by Ernest Farago against Ludwig Krzyske and others to redeem from a mortgage foreclosure. From a decree for plaintiff, defendants appeal. Modified and affirmed.

*Ernest N. Pappas* and *William W. Potter*, for plaintiff.

*Frank C. Golden*, for defendants.

FELLOWS, J. Plaintiff owned a farm of 60 acres in Sumpter township, Wayne county. There was a mortgage on it for $4,500 held by defendant Ludwig Krzyske. There was $70 interest due on the mortgage. Krzyske foreclosed the mortgage by advertisement and bid in the premises for $126.35 at the sheriff's sale on November 3, 1924. On March 6, 1925, he transferred the mortgage and his interest in the premises to defendant Felt. May 23, 1925, plaintiff paid Felt $170 and was given a receipt for this sum "to apply on interest of mortgage." It does not appear that it was applied by either party on the interest due at any particular date, the plaintiff's claim being that he did not know of the foreclosure. On August 8, 1925, plaintiff paid Felt $100 under like circumstances and a like receipt was given. On July 25, 1925, plaintiff paid Krzyske $88.85; the purpose of this payment is very much in dispute, and, as we view the case, not necessary for decision. The plaintiff seeks

by this bill to be relieved from this foreclosure. The trial judge entertained the view that there was a variance between the bill and the proofs and suggested an amendment which appears to have been made. He treated the bill as amended as a bill to redeem, and, the mortgage having become due at the time of the hearing, required its payment in full. He thus characterized the parties:

"It seems proper to now state that after listening to all the testimony and having opportunity to observe the various principals under oath, that the plaintiff herein and his mother, who dealt as one, are unlettered, inexperienced, and unversed in business; that the defendants are shrewd dealers, trained in the school of business of a small town, well versed in taking advantage of their knowledge of the exactions of the law of forfeiture and the inexperience of their less fortunate neighbors."

There is a claim of fraud and overreaching, and the testimony is in serious conflict. We need not analyze these claims or the conflicting testimony. That plaintiff paid defendant Felt $170 on May 23, 1925, is not disputed; that this sum was more than sufficient to pay the amount bid at the foreclosure sale with interest to that date; that it was sufficient to pay the $70 interest and costs of foreclosure; that it was sufficient to redeem from the foreclosure, is mathematically certain. We are satisfied that at this time plaintiff did not know of the foreclosure. If he had had such knowledge he would no doubt have directed the application of this payment of $170 to the extinguishment of the debt for which the foreclosure was had, together with the costs, as he had an undoubted right to do. Felt then made no application of this payment to any item of the indebtedness then due him. Where neither party has made application, the court should apply such payment to the oldest item (*Mauro* v. *Davie*, 236 Mich. 309; *McMullen Machinery*

*Co.* v. *Grand Rapids Trust Co.,* 239 Mich. 295), and where the proceeding is in equity and equitable considerations are involved we should not hesitate so to do where such application will prevent the working of a forfeiture. *Van Sceiver* v. *King,* 176 Mich. 605.

As stated, the entire mortgage debt having become due, the decree required plaintiff to pay the same, and fixed the time for such payment. This time has become inoperative by reason of this appeal and we should fix a new time. He should make such payment within 60 days from the filing of this opinion.

The decree will stand affirmed, except as to the date of payment as noted. Plaintiff will have costs of this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.