Parker, J.
The question brought before the Court by the pleadings in this case is, whether the consideration of this bond is traversable. A mere voluntary bond, given without any consideration, is good. Bonds obtained by duress, given during infancy, and in certain other specified cases, —as, for instance, in restraint of trade, —are void in law. These cases are all stated and described in the books. The case before the Court comes within none of them.
Perhaps a court of chancery might compel the plaintiff to execute the covenant which it is stated he engaged to execute, but we possess no such power. The pleas appear to me insufficient to bar the plaintiff of his action.
* Sewall J.
The amount of the defendant’s pleas is, that the wife not being bound by her covenants in the articles of separation, and no covenants having been made by the plaintiff pursuant to his engagement, there was therefore no consideration for this bond. But a mere want of consideration is not sufficient to avoid a bond, (a) although an illegal consideration is. Perhaps a court of equity might afford some relief in such a case, but this Court have no powers to that purpose. As to the legal operation of this bond, it appears to me to be valid, and must be supported; and I am consequently of opinion that the pleas in bar are insufficient.
Sedgwick, J.
This bond is stated, in the defendant’s pleas, to be given for securing the separate maintenance of a wife. There are demurrers to these pleas, by which all the facts well pleaded the Court must consider to be true. The question, then, brought before the Court is, whether the consideration for which this bond was given is sufficient to support an action upon it. Every bond, from the solemnity of the instrument, carries with it an internal evidence of a good consideration; (5) and is to be supported in a court of law, except facts are disclosed to the court whereby the consideration appears to be immoral, illegal, or against the policy of the law. These pleadings show neither. Separate maintenance is lawful, *157 and a bond given to secure it to a wife is meritorious, and therefore valid and binding. The defendant’s pleas are insufficient.
Parsons, C. J.
A bond, from the solemnity of its execution, imports a consideration, the want of which the obligor is estopped by law to plead. He may avoid the bond, by showing that it was obtained by fraud or duress, or that the consideration is illegal or against the policy of the law.
In the first plea in bar, it is alleged that the bond was given for a separate maintenance of the wife on mutual stipulations between the husband and wife, which stipulations on her part were void. In the second plea, it is alleged that the bond was given on mutual promises between the parties, and that the * plain- [ * 163 ] tiff hath not performed the promises on his part to be performed. In both these pleas the objection to the bond is substantially the same, viz., a want of consideration, which cannot prevail. It in fact appears upon the record, that the consideration was legal and meritorious, as it was made to secure a separate maintenance for the wife, who separated from her husband for their mutual comfort, to avoid the effect of jealousies and animosities that existed between them. (a)
The judgment of the. Court is, that the pleas in bar are bad and insufficient in law.

 Guy vs. M’Lean Dev. 46. — Stevens vs. Judson & Al. Cow. 471.—Balden vs. Davis, 2 Hall, 433.

 2 Black. Com. 446.

 Sumner vs. Williams, 8 Mass Rep. 200. — Thatcher & Al. vs. Dinsmore, 5 Mass. Rep. 302. — Where there is a bond conditioned for the performance of covenants, the bond and the deed wherein the covenants are contained constitute but one instrument, and if the covenants be void, the bond will have no effect. — Jevons vs. Harridge, 1 Sid. 308. — 2 Keb. 116.— Capenhurst vs. Capenhurst, F. Ray, 27.— S. C. 1 Lev. 45. — 1 Keb. 130, 164, 183. — Hindley vs. Westmeath, 6 B. & Cr. 200. — Shelthar vs. Gregory, 2 Cowen, 422.