SAMUEL P. AMES *vs.* INDIANA FOSTER.

A married woman, who holds a bond with condition to convey land to her, to her sole and separate use, free from the interference and control of her husband, upon payment of a certain sum, is liable in an action at law, under the statutes of this commonwealth, upon a promissory note given by her for money borrowed to be applied and actually applied in payment of the amount necessary to secure to her the conveyance of the land; and also upon a promissory note given by her for money borrowed for the purpose of paying debts contracted by her for matters necessary for the carrying on of the farm, after she had received a deed thereof.

CONTRACT upon two promissory notes. At the trial in the superior court, before *Morton*, J., the plaintiff offered to prove that in 1857 the defendant, who was a married woman, was living apart from her husband, upon a farm, the owner of which had given to her a bond with condition to convey the same to her, to her own sole and separate use, free from the interference and control of her husband, upon the payment of certain sums; that she had made partial payments thereon, and applied to the plaintiff for a loan of money to enable her to make the final payment, and he accordingly lent to her for that purpose $133, taking her note for it, and went with her to make the payment, and she accordingly took a deed of the farm in the form provided in the bond; and that afterwards, while she was carrying on the farm on her own account, he lent to her $44, for the purpose of enabling her to pay debts contracted by her for matters necessary for the carrying on of the farm, taking her note for it. The judge ruled that, if these facts were proved, no action would lie upon either note, and directed the jury to return a verdict for the defendant, which they did. The plaintiff alleged exceptions.

*F. A. Worcester*, for the plaintiff.

*W. P. Webster*, for the defendant.

MERRICK, J. The facts upon which the defendant relies would have constituted a perfect and complete defence to this action under the rules and upon the principles of the common law. But the rights, obligations and liabilities of married women have been greatly varied and enlarged by the provisions

VOL. III.                    46

of several recent statutes. And it is in reference to them that it is now to be considered, whether, upon the facts offered in proof upon the trial, the plaintiff is not entitled to maintain his action and recover judgment for the amount due upon the notes declared on.

The bond to the defendant, although made and given to her during her coverture, was a valid contract. A married woman, it is true, cannot by the common law bind herself by any promise, covenant or contract; yet she is capable of accepting a deed of conveyance of real estate, or a bond for the payment of money, or the transfer of any property which she is competent to take, or a promissory note. All these instruments are made upon an executed consideration. A promissory note purports upon its face to be given for value received; and a bond being a sealed instrument, imports, as it is said, from the solemnity of its execution, to be made upon a consideration which the obligor is estopped from denying. A conveyance of land to the wife invests the husband with a freehold estate immediately upon the execution of the deed; and notes and bonds being choses in action, become at once, upon delivery to her, his property. He may at his pleasure reduce them to possession, and, this being done, the avails are exclusively his own. But he is not bound to do it; and if he intentionally omits, or for any cause fails to reduce them to possession during his life, they will at his death pass to his wife, if she survives him, and not go to his executor or legal representative. She therefore always has, while such instruments and claims remain unchanged and undisposed of by her husband, an interest in them; and this may ultimately become so enlarged that they will be wholly her own. Bac. Ab. Baron & Feme, K. Com. Dig. Baron & Feme, P. 2. *Page* v. *Trufant,* 2 Mass. 159. *Commonwealth* v. *Manley,* 12 Pick. 173. *Gaters* v. *Madeley,* 6 M. & W. 423. *Philliskirk* v. *Pluckwell,* 2 M. & S. 393.

But these rules of the common law are in some respects modified, and in others entirely changed, by statute provisions. By *St.* 1845, *c.* 208, § 3, any person capable of making a deed may convey any property or estate directly to a married woman, to

be held by her to her sole and separate use, free from the interference or control of her husband. There is no provision in this or in any other statute which abridges, or in any way affects, the right of a married woman to take a bond or other instrument which she had a right at common law to accept. She may therefore take a bond the condition of which is that the obligor shall pay to her money or convey to her real estate to be held to her sole and separate use. And whenever money is paid or land is conveyed, in conformity to the terms of such condition, they will be held by the wife as her absolute property, in which the husband will have only a contingent interest. And it is of no importance how this is accomplished; whether it be by the voluntary action of the obligor, or by a collection of the money in an action at law, or a conveyance of land under a decree in a bill in equity praying for specific performance, duly prosecuted against him. In either case, the result will be the same. Whatever is obtained by means of the contract is hers, because it is to be held by her to her own sole use. For this reason, also, the bond belongs to her as her sole property. It is given to her, for her own benefit, and she is the only party who has a real interest in it. Her husband cannot claim anything as his which is acquired by performance of the condition. The bond must therefore belong exclusively to her, as her property.

Then by *St.* 1855, *c.* 304, § 7, a married woman may carry on any trade or business on her own sole and separate account; she may sue and be sued as if sole in regard to it, and her property acquired thereby may be taken on execution to satisfy judgments rendered against her; and by *St.* 1857, *c.* 249, §§ 2, 3, a married woman, while married, may enter into any contract in reference to her sole and separate property, and is entitled to sue and liable to be sued in all matters having relation to it in the same manner as if she were sole. Construing these provisions by a comparison of them with those of *St.* 1845, *c.* 208, above cited — which is in accordance with the established rule of interpretation when different acts relate to the same subject, and are designed to establish one system; 1 Kent Com. (6th ed.)

463 — the effect of both is, to make a married woman, in relation to all the property which she owns or holds to her separate use, entirely independent of her husband, and free altogether from his interference. She is made capable of the management of property, and of the right to use, enjoy and appropriate it at her pleasure. She may sue or be sued in all matters respecting it, and she takes the whole benefit and must suffer all the disadvantages of the suit. There is therefore not only no occasion for the husband to make himself a party to the suit, for he has no interest in it, but a judgment rendered in his favor would be an embarrassment to her, an interference with her property and inconsistent with her rights; and these provisions show the manifest intention of the legislature that he should have no such power or authority. It is therefore a necessary consequence, resulting by inevitable implication from all the provisions of the statutes considered and compared together and rightly interpreted, that the doctrine of the common law that notes and bonds given to a married woman during her marriage, although intended for her sole benefit, are choses in action, which may upon delivery to her be claimed by the husband as his own, and by reducing them to possession may be made absolutely so, is, in reference to all property belonging to her, and which by force of statute provisions she is entitled to hold to her own sole and separate use, abrogated or repealed. As she is the owner of the property, so also she owns the legal instruments under which it is held, and is entitled to all the rights of action by which it is or may be secured.

It follows from these considerations that the defendant was the sole owner alike of the property in the bond from Harding and wife to her, and of the farm which in pursuance of the condition of their obligation they conveyed to her. The question then arises, whether the plaintiff can maintain an action upon the notes set forth in the declaration. This depends upon the further inquiry, whether the notes were contracts respecting or in reference to her property. Having the rights given, and subject to the liabilities imposed, by the statute, its provision, authorizing her generally, and without any restriction as to her power,

in this particular, to enter into any contracts respecting her property, must undoubtedly be construed so as to empower her to make any contracts which are necessary or reasonably proper or convenient to enable her to protect, manage, or use her property, or to render it available. This would include, for instance, contracts respecting expenses incurred in the defence or prosecution of suits necessary to maintain or vindicate her rights to the property, or for labor to be bestowed in its use or improvement, or for money to be paid according to a condition, upon performance of which, only, the property could be held or rendered of use.

The note for $133 was given to the plaintiff for money borrowed of him by the defendant to pay the sum due to the owners of the land upon their bond to entitle her to have the conveyance of the farm according to its stipulations, and the money was used and applied for that purpose; and by means of the payment thus made, she obtained a deed of the estate. The smaller note for $44 was for money borrowed to pay laborers their wages for services rendered upon the farm thus conveyed to her, and while she was carrying it on as her own sole and separate business. We think that each of these notes, given for such purposes, was, within the meaning of the provisions of the statute, a contract respecting or in relation to her property, which she was authorized to make, and which having made she is bound to perform; and failing to perform which she is liable to be sued, and to be subjected to all the consequences of a suit, in the same manner and to the same extent as if she were sole. *Exceptions sustained.*