## NATHANIEL HAYES *vs.* WINSLOW S. KYLE & another.

*A* written promise to pay to the plaintiff in an action the amount which may be recovered therein within thirty days from final judgment, in consideration of the delivery by the officer to the promisor of the property attached on the writ, may be enforced, although it was made without the request or knowledge of the defendant therein, and the attached property did not belong to him, and was not in his possession, and perished before the recovery of judgment in the action.

CONTRACT upon the following written agreement, signed and sealed by the defendants :

" Boston, May 24th 1861. Received of Harum Merrill one bay horse and one express wagon and harness, under attachment by him in suit of *Nathaniel Hayes* v. *Ruel V. Smith,* on writ returnable before the superior court in the county of Suffolk, on the first Tuesday of July next ; in consideration whereof, we agree to and do hereby agree to pay to the plaintiff in said action the amount which may be recovered therein, within thirty days from final judgment in said suit, debt not to exceed forty dollars."

At the trial in the superior court, before *Allen,* C. J., without a jury, it appeared that in October 1861 Hayes recovered judgment in said action, and took out execution, and has been unable to collect the same, though thirty days and more had elapsed before the commencement of this suit. In defence, proof was offered that the property belonged to and was in the possession of Sidney Smith, the father of Ruel V. Smith, at the time of the attachment, and long before ; that the contract was executed in the presence of said Sidney, but without the request or knowledge of said Ruel ; and that the horse died before the recovery of the judgment by Hayes. The chief justice, however, ruled that these facts, if proved, would constitute no valid defence, and rendered judgment for the plaintiff. The defendants alleged exceptions.

*J. S. Abbott,* for the defendants, cited *Plaisted* v. *Hoar,* 45 Maine, 380.

*E. Pearson*, for the plaintiff.

CHAPMAN, J. The first objection made to the contract declared on is, that it is without consideration. But it is a contract under seal, which imports a consideration. *Page* v. *Trufant*, 2 Mass. 159. It also states expressly a good consideration. It contains an acknowledgment by the defendants that they have received of the plaintiff certain property which was under attachment by him on a writ; and, in consideration of his having delivered the property to them, they agree to pay such amount as may be recovered in the suit, within thirty days from final judgment.

As a farther defence, the defendants offered to prove that the property spoken of in the contract did not belong to Ruel V. Smith, the defendant in the action on which the attachment was made, but to his father, Sidney Smith, and that Sidney acted in the matter without authority from his son. If this had been an ordinary receipt for attached property, with a promise to return it on demand, the fact that it did not belong to the debtor, and that it had been claimed by the owner and returned to him, might have been a good defence. *Learned* v. *Bryant*, 13 Mass. 224. But in this case the alleged owner appears to have been present and assenting to the transaction, and the agreement was under seal, and was for the payment of the debt. The question as to the title to the property thus becomes immaterial.

The defendants further say that if the transaction was otherwise valid, it is nevertheless void, because such a contract with an attaching officer is contrary to the policy of the law. But the court are of opinion that such a contract is in .entire conformity with the policy of the law. When a debtor's property is attached, it is necessary for him to give a bond with sureties for the payment of the debt within thirty days after final judgment, in order to protect himself against the institution of proceedings in insolvency, in case he has other creditors. Gen. Sts. c. 118, § 103; c. 123, § 104. It would be quite proper for his father, or any other friend who should desire to protect him against a liability to such a proceeding, to become a receiptor tor the property, and give a bond like that declared.on. The

fact that the horse perished before judgment is immaterial, for it was a result of the contract between the parties that the obligors assumed that risk. *Exceptions overruled.*