44  527
96  231

MARTINUS B. KIMM ET AL. v. GEORGE G. STEKETEE ET AL.

*Injunction bond valid though bill is dismissed.*

Where an injunction is allowed on condition that the petitioner therefor give the defendants a bond to indemnify them for any damage which the injunction may cause them, the bond remains valid and will sustain a recovery even though the injunction bill is dismissed for want of jurisdiction.

Error to Superior Court of Grand Rapids. Submitted October 29. Decided November 9.

DEBT on bond. Plaintiffs bring error. Reversed.

*Miller & Voorheis* for plaintiff in error. A voluntary bond given to obtain an injunction is based on sufficient consideration to support it as a common law obligation, whether the court which granted the injunction had or had not jurisdiction: (*Stevenson v. Miller* 2 Litt. 310 ; *Hoey v. Rogers* 3 Mon. 226 ; *Hanna v. McKenzie* 5 B. Mon. 314; *Loomis v. Brown* 16 Barb. 325 ; *Cumberland Coal etc. Co. v. Hoffman Steam Coal Co.* 39 Barb. 16 ; *People v. Falconer* 2 Sandf. 81 ; *Pritchett v. People* 6 Ill. 530 ; *United States v. Linn* 15 Pet. 29') ; *United States v. Tingey* 5 Pet. 115 ; *Morse v. Hodsdon* 5 Mass. 315 ; *Thomas v. White* 12 Mass. 368 ; *Thompson v. Buckhannon* 2 J. J. Marsh. 416 ; *Sewall v. Franklin* 2 Port. (Ala.) 493 ; *Hester v. Keith* 1 Ala. 316 ; *Butler v. O'Brien* 5 Ala. 316 ; *Meredith v. Richardson* 10 Ala. 829) ; and though no such bond could be required :

*Supervisors v. Coffenbury* 1 Mich. 355 ; *Ballingall v. Carpenter* 4 Scam. 308.

*Harvey Joslin* for defendants in error.   A bond to indemnify defendants, required by a court as a condition to granting an injunction is void if the court has no jurisdiction, and will not sustain an action : *People v. Sturtevant* 9 N. Y. 266; *Brookman v. Hamill* 48 N. Y. 554; *Poole v. Kermit* 59 N. Y. 554; *Caffrey v. Dudgeon* 38 Ind. 520; *Moore v. Allen* 3 J. J. Marsh. 621; *Hicks v. Mendenhall* 17 Minn. 475; *Benedict v. Bray* 2 Cal. 251; *Palmer v. Oakley* 2 Doug. (Mich.) 491; *Townsend v. People* 14 Mich. 391; *Biddle v. Wendell* 37 Mich. 454; the defendants might have disregarded the injunction : *Jenkins v. Parkhill* 25 Ind. 474; *Sullivan v. Judah* 4 Paige 466.

MARSTON, C. J.   Where a court of competent jurisdiction allows an injunction upon condition that complainants execute a bond to defendants, conditioned to pay any damages they might sustain by reason thereof, and the bill is subsequently dismissed for want of jurisdiction, is the bond so given absolutely void?   Such is the question presented in this case, and we must answer that in our opinion the bond is valid.

It is optional with the complainants to give the bond or not.   By giving it they put the law in motion and enjoin the defendants from farther prosecuting their business, thus necessarily causing them to suffer damage.   The fact that complainants did not state such a case by their bill as would authorize the court to give them the relief prayed for, should not deprive defendants of their right to protection.   Even a temporary injunction may in some cases afford complainants all the redress they seek, and if they can obtain such upon filing a bond to pay the damages, and afterwards escape responsibility upon the plea here urged, then the worse the case stated in their bill the safer they are.   By being careful and stating a case not within the jurisdiction of the court, they escape liability, while had they gone farther and set

forth a good cause and yet for some reason failed, they would become liable. We cannot assent to this reasoning. There can be no really good reason, not purely technical, for such a distinction; and the authorities cited by counsel for plaintiffs in error sustain the right to recover upon the bond and should, we think, be followed as more in accord with right and justice.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.