JOHN HOWARD v. CHARLES P. HESS, GEORGE DAVIES, AND WILLIAM NICHOLS.

*Supersedeas bond—Service of writ of error on clerk.*

1. Where, on taking out a writ of error, a bond for *stay* of execution was executed, but never *legally* filed with the clerk of the circuit court where the judgment was rendered, and the writ of error never served on that officer, but dismissed for want of return, and a second writ issued,—

    *Held*, that the bond was *inoperative*, and suit could not be maintained thereon.

2. Until a writ of error is *served* on the clerk of the court whose judgment is appealed from, there is nothing to stay execution nor for the statutory bond to operate on.

3. How. Stat. § 8681, only provides for filing a *supersedeas* bond when the writ of error is *filed* with the clerk of the court in which the judgment was rendered; and while, *possibly*, the clerk *might*, on receiving the writ, file such a bond *previously* left with him for *that* purpose, he could not do so otherwise.

Error to Saginaw.    (Gage, J.)    Argued November 12, 1886.    Decided November 17, 1886.

Debt on bond.    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*Trask, Grout & Smith,* for appellant.

*Holden & Harris,* for defendants.

CAMPBELL, C. J.    This was a suit upon what was claimed by plaintiff to be a stay bond to prevent execution during writ of error.    The questions all arise on the finding. · The court below found that a writ of error was issued from this Court to the circuit court for the county of Saginaw upon a judgment in favor of ·*Howard* against *Hess.*    This writ was sent to Mr. Holden, the attorney for Hess, who pro-

cured the bond in question, and submitted it for the inspection of plaintiff's attorney to see if he would be satisfied with it. By some means which the court was unable to find, this bond got into the county clerk's office, but the writ of error was never filed with the clerk, and was afterwards dismissed for want of return, as a second writ had been subsequently issued.

The court below found that the bond in suit had never been legally filed with the clerk, and was inoperative; no writ of error having been served on the clerk, who could only receive and file it as security when the writ of error was served, so as to stay execution pending error.

We think this ruling was correct. The sureties signed for no other purpose than to secure a stay pending proceedings in error. Until a writ of error was served on the clerk, there was nothing to stay execution, and nothing for the bond to operate on. The statute (section 8681) only provides for filing such a bond when the writ of error is served on the clerk; and while, possibly, the clerk might, on receiving the writ, file such a bond previously left with him for that purpose, he could not do so otherwise.

There is no finding here that the bond was ever delivered at all by any of the defendants or their attorney to the clerk, and none that it was meant to be operative except in furtherance of the statute. The finding is, when taken together, to the contrary.

The judgment must be affirmed, with costs.

The other Justices concurred.