CORNELIUS HEALY v. WILSON NEWTON ET AL.

*Bond — Recitals — Estoppel — Stay of proceedings — Supersedeas—
Death of party—Revivor.*

1. A recital in a *supersedeas* bond given by a log-owner on the rendition of judgment against the principal debtor, which is made a lien on the logs, that a personal judgment has been rendered against the log-owner, concludes him and his sureties in a suit on the bond as an admission of that fact; citing 2 Amer. & Eng. Enc. Law, 464.

2. Where, on the rendition of a judgment, a stay of proceedings is granted on condition that the defendant file a bond for the payment of the judgment, if not set aside or reversed. as provided in 3 How. Stat. § 7621c, and the defendant files with the clerk the usual *supersedeas* bond, conditioned for the prosecution of a writ of error to effect, and the payment of any judgment rendered by the Supreme Court, after which a bill of exceptions is settled, but no writ of error is ever sued out, the bond is valid as a common-law bond, independent of the statute.

3. The plaintiff in such a case may move to have the order staying proceedings set aside, or he may rely upon the bond filed; and in a suit thereon, in which the breach alleged is the failure to take out and prosecute the writ of error to effect, the measure of damages is the amount of the judgment recited in the bond, with interest thereon.

4. Where, after the trial of a suit against the principal and sureties in a bond, the principal dies, the case should proceed against the surviving defendants; citing How. Stat. § 7401.

5. Where in such a case an order is entered, without objection, reviving the suit against the administrator of the deceased defendant, and judgment is rendered in favor of the surviving defendants and the administrator. on its reversal in the Supreme Court the writ of error will be dismissed as to the administrator, and the judgment entered will run against the surviving defendants.

Error to Mackinac. (Pailthorp, J.) Argued April 14, 1893. Decided June 23, 1893.

*Assumpsit.* Plaintiff brings error. Reversed, and judgment entered here for plaintiff for $449.98. The facts are stated in the opinion.

*James McNamara,* for appellant.

*P. N. Packard* and *Oscar Adams,* for defendants.

McGRATH, J. Plaintiff commenced proceedings under Act No. 229, Laws of 1887, known as the "Log Lien Law," and on June 17, 1889, recovered judgment against the principal defendant for $325 and costs, and was given a lien on the products. The judgment entry is entitled *"Cornelius Healy v. James Healy, Defendant, and Archibald P. Newton, Special Defendant,"* and recites that, the default of the principal defendant in said cause " having been duly entered, and the same having become absolute, and Archibald P. Newton having claimed to be the owner and interested in the products seized, * * * and having filed his application in said cause, and served the same upon the plaintiff's attorney, * * * and said plaintiff and Archibald P. Newton being in court, by their respective attorneys, ready for trial without a jury, and the court having heard the proofs and allegations of the parties," etc. On the rendition of the judgment the owner of the logs obtained an order extending the time for the preparation and presentation for settlement of a bill of exceptions for the period of 60 days, and staying all proceedings except the taxation of costs, upon condition that said owner file a bond within 20 days, pursuant to the provisions of the statute in such case made and provided. On June 26 said owner filed a bond in the sum of $650, which was approved by the clerk, containing the following recitation and condition:

" *Whereas,* judgment has been rendered in the circuit court for the county of Mackinac in favor of said Corne-

lius Healy and against said Archibald P. Newton for the sum of $325 damages and the costs of suit, in which judgment and proceeding the said Archibald P. Newton complains that there is error in substance, and to be relieved therefrom has obtained a stay of proceedings in said court to settle a, bill of exceptions and remove the same to the Supreme Court by writ of error, to the end that the error made therein may be corrected:

"Now, therefore, the condition of this obligation is such that, if said Archibald P. Newton shall prosecute his said writ of error to effect, and shall pay and satisfy such judgment as shall be rendered against him upon said writ of error in said Supreme Court, then this obligation to be void; otherwise to remain in full force and virtue."

Afterwards the attorney for plaintiff applied to the clerk for an execution, but the clerk refused to issue the same, giving as a reason that a bond had been filed and a stay of proceedings had been entered. The time for preparing a bill of exceptions was extended from time to time until December 16, 1889, when the same was duly settled. The principal in said bond "took no further proceedings to take said cause to the Supreme Court on writ of error than the settlement of said bill of exceptions, and never sued out a writ of error in said cause, and did not prosecute said writ of error to effect." Plaintiff sues upon the bond, and the court finds the facts, and as a conclusion of law "that the plaintiff has not made out such a case as entitles him to judgment," and rendered judgment for defendants. No other reasons are assigned, except as they may be inferred from the motion for judgment made by counsel for defendants, who asked the court to find as a matter of law that the bond declared upon, being a bond given in a legal proceeding, and not by the acquiescence of the plaintiff in the case, is void, and not binding on the defendants, for the reason that it is not authorized by any law of this State; that it does not comply with the statute in reference to bonds given upon a stay of proceedings ordered by the circuit court; that it is void as a bond for a

stay of proceedings upon a writ of error; that no writ of error was ever issued in this case; that the bond is without consideration; and that, no damages growing out of the breach alleged having been set forth in the declaration, and no proof, the plaintiff is entitled to nominal damages only.

The bond is in the form prescribed by How. Stat. § 8679. An order staying proceedings for 60 days had been entered at the instance of the principal obligor, conditioned upon the execution within 20 days of a bond. The bond was filed and acquiesced in by plaintiff, who relied upon Newton's expressed intention to take out a writ of error. For six months thereafter Newton pursued a course indicating an intention to take the case to this Court. In *Howard v. Hess*, 63 Mich. 725, there was no finding that the bond was ever delivered by defendants to the clerk, or meant to operate as a stay of proceedings, and it did not become effective by operation of the statute. Here the bond was delivered and filed, evidently in pursuance of the order staying proceedings, and was acquiesced in as such. The bond must be held valid as a common-law bond, independent of the statute. *Hester v. Keith*, 1 Ala. 316; *Lane v. Kasey*, 1 Metc. (Ky.), 410; *State v. Thompson*, 49 Mo. 188; *Williams v. Shelby*, 2 Or. 144; *Burroughs v. Lowder*, 8 Mass. 373; *Winthrop v. Dockendorff*, 3 Greenl. 156; *Kimm v. Steketee*, 44 Mich. 527. In *Hester v. Keith* it was held that, though the condition of a bond for the prosecution of a *supersedeas* does not conform to the statute, yet, as the bond was effectual to delay the collection of the execution, upon discharging the *supersedeas* it becomes absolute, and may be prosecuted as an obligation at common law. A bond for money, to be void upon the doing of a certain thing, is held to be, in legal effect, a contract to do that thing. *Waynick v. Richmond*, 11 Kan. 488. A bond under seal imports a consideration.

*Page v. Trufant,* 2 Mass. 159; *Harrell v. Watson,* 63 N. C. 454; *Harris v. Harris,* 23 Grat. 737; *Collins v. Blantern,* 1 Smith, Lead. Cas. 636.

It is urged that there was no judgment in fact against the principal obligor in the bond. The judgment was a lien upon his property. It is a sufficient answer, however, that the bond recited a judgment against him. A recital in a bond concludes the parties as an admission of the facts recited. 2 Amer. & Eng. Enc. Law, 464. The declaration properly follows the bond.

Plaintiff, after the execution and delivery of the bond, had one of two courses open to him, to wit, move to have the order staying the proceedings set aside, or acquiesce and rely upon the bond. Under the facts found in the present case, he will be presumed to have elected to take the latter course. The breach complained of is the failure to take out and prosecute the writ to effect. The court has found such breach, and the measure of plaintiff's damages is the amount of the judgment recited in the bond, with costs and interest.

Pending the consideration of the case by the court below, the principal obligor died, and an order was entered reviving the case as to decedent in the name of the administrator.[1] The statute (How. Stat. § 7401) provides that upon the death of one of several defendants the action shall proceed against the survivors. No objection seems to have been made to this order by counsel for either defendant, and it affirmatively appears by the judgment entry that the "attorney for the administrator of the estate," etc., joined in the motion for judgment.

The writ of error will be dismissed as to said adminis-

---

[1] The case was tried June 28, 1892. Archibald P. Newton died in August of that year, and his death was suggested, and the order of revivor entered, October 25, 1892, on which day judgment was rendered in favor of the administrator and the surviving defendants, who were the sureties in the bond.

trator, and the judgment below reversed, and judgment entered here for plaintiff and against the surviving defendants for $449.98, with costs of both courts to plaintiff.

HOOKER, C. J., LONG and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.