BOYER v. SOWLES.

109  481
f111  442

109  481
127  167
127  558

1. PLEADING—DEMURRER—WAIVER OF RIGHT TO TRIAL ON MERITS.
   A defendant who, on his demurrer to a declaration being overruled, elects to stand upon such demurrer, waives his right to a trial on the merits.

2. SAME—BONDS—SUFFICIENCY OF DECLARATION.
   A demurrer to a declaration upon a bond conditioned to prosecute an appeal to effect, on the ground that such declaration fails to set up the facts necessary to make such bond effectual under the statute, is properly overruled, where the averments are sufficient at least to show a good common-law bond.

3. SAME—AVERMENT OF DELIVERY.
   In a declaration upon a bond, it is not necessary to aver delivery, especially if profert is made.

4. SAME—SPECIAL DEFENSES—WANT OF CONSIDERATION.
   The defense, in an action upon a bond, that the instrument was without sufficient consideration, is unavailable, under 2 How. Stat. § 7521, unless notice thereof is given with the plea of the general issue.

Error to Eaton; Smith, J. Submitted April 22, 1896. Decided May 26, 1896.

Debt by Deloren W. Boyer, administrator of the estate of Peter Boyer, deceased, against Nathaniel Sowles as principal, and Caleb Wolpert and Lucius H. Wilcox as sureties, upon an appeal bond. From a judgment for plaintiff, defendants bring error. Affirmed.

*John Nichol* and *A. A. Ellis*, for appellants.

*Powers & Stine* and *L. H. McCall*, for appellee.

MONTGOMERY, J.   This is an action on a bond which reads as follows:

"Know all men by these presents, that Nathaniel Sowles, as principal, and Caleb Wolpert and Lucius H. Wilcox, as sureties, are held and firmly bound unto Peter Boyer in the sum of four thousand dollars, lawful money of the United States of America, to be paid to the said Peter Boyer, or to his certain attorney, heirs, executors, and administrators or assigns, to which payment, well and truly to be made, we bind ourselves, heirs, executors, and administrators, and each and every of them, firmly by these presents.

"Sealed with our seals, dated the seventh day of June, one thousand eight hundred and ninety-three.

"The condition of this obligation is such that, whereas, judgment has been rendered in the circuit court for the county of Eaton in favor of said Peter Boyer against the said Nathaniel Sowles for three thousand fifty-nine and sixty-six one-hundredths dollars and costs of suit to be taxed; in which judgment and proceedings the said Nathaniel Sowles complains that there is error in substance, and to be relieved therefrom intends to obtain a writ of error from the Supreme Court to remove the same to the said Supreme Court, to the end that the errors made therein may be corrected: Now, therefore, if the said Nathaniel Sowles shall with all proper diligence obtain said writ of error, and prosecute the same to effect in said Supreme Court, and, in case said judgment of said circuit court is not set aside or reversed by said Supreme Court, shall pay such judgment of said circuit court, then this obligation to be void; otherwise to remain in full force and virtue.

"NATHANIEL SOWLES.   [SEAL]
"CALEB WOLPERT.      [SEAL]
"LUCIUS H. WILCOX.   [SEAL]"

The action was originally brought in the name of the obligee, Peter Boyer, and his death has been suggested of record since the entry of judgment.

The defense interposed a demurrer to the declaration,

and, on the demurrer being overruled, elected to stand upon their demurrer, and interposed no further defense. The question is, therefore, whether the declaration states a cause of action, or whether it is subject to the objections urged. Defendants' counsel ask that, if the court are of the opinion that the demurrer was properly overruled, the case be remanded with leave to plead; but such is not the practice. Were such a course open, intolerable delay would result. The defense, having refused to accept an offer of trial on the merits, must be held to have waived the right.

The declaration is in debt, and consists of two counts. In the first count profert of the bond is made, and it is averred that the defendants, by their certain writing obligatory, sealed with their seals, acknowledged themselves to be held and firmly bound unto said plaintiff, and recites the conditions of the bond, and avers as breaches that a writ of error was sued out of the Supreme Court, and that the judgment of the circuit court was affirmed, and has not been paid. The second count is similar, except that a copy of the bond is given. The grounds of demurrer are stated as follows:

"*First.* That in none of the counts of said declaration is it alleged or claimed that the said writing obligatory was ever delivered to the said plaintiff, or to any other person or persons for said plaintiff.

"*Second.* In neither of the counts of said declaration is it alleged, claimed, or set forth that the said writing obligatory was ever filed with the county clerk of the county of Eaton, in manner and form as provided by the statutes of this State.

"*Third.* It is not alleged in either of the counts of the said declaration that the said writing obligatory was ordered, required, or directed by the circuit court for the county of Eaton, or any other court of competent jurisdiction, or that the said writing obligatory was in any manner approved by the circuit court for the county of Eaton, or the circuit judge thereof, or by any officer of said court.

"*Fourth.* It is not alleged or set forth in said declara-

tion, or in the pretended copy of the alleged writing obligatory, that it contains any of the conditions provided by the statutes of this State; that is to say, the said writing obligatory was not given under and by virtue of section 8681, 2 How. Stat., of this State, because it is not claimed or alleged in the said declaration, or any count thereof, that the said writing obligatory was filed in the office of the clerk of the circuit court for the county of Eaton at the time of the service of the writ of error on such clerk, or at any other time; and it is not alleged in said declaration, or any count thereof, that the said writing obligatory was given for the purpose of moving for a new trial, or settling a bill of exceptions, as provided in section 7621c of 3 How. Stat.

"*Fifth.* That the said declaration, nor any count thereof, does not allege that the said bond or writing obligatory was given for the purpose of staying any execution, or the settling of a bill of exceptions, or the moving for a new trial, and is not such a bond as is required by section 7621c of 3 How. Stat.

"*Sixth.* It is not alleged in the said declaration, nor any count thereof, that the said bond or writing obligatory was ever delivered to the county clerk of the county of Eaton, where the said alleged judgment is said to have been obtained, at the time of the service of the writ of error, nor that the said bond or writing obligatory was so filed with said clerk at any other time.

"*Seventh.* It is not alleged in the said declaration, or any count thereof, that the said bond was of any force or effect in said cause, or that execution was stayed by reason thereof, or that said bond was made the basis for moving for a new trial, or settling a bill of exceptions, or for removing the case to the Supreme Court."

It is urged in support of the demurrer that the declaration does not show that the bond was executed in such sum, or filed with the clerk in such manner, as to have made it effectual as a stay of proceedings under the statute; second, that no delivery is averred; and, third, that there is no consideration averred.

1. It is not contended that the averments are sufficient to show that the bond was an effective statutory bond for a stay of proceedings, but it is contended that the aver-

ments of the declaration are sufficient to show a good common-law bond.   If this contention is sustained, there is no error.   The fact that the bond given is conditioned to pay a judgment of a court or to prosecute an appeal to effect does not militate against its validity as a common-law bond. *Healy* v. *Newton,* 96 Mich. 231, and cases cited.   This being so, we are not at liberty to speculate as to whether the circumstances under which it was given were such that there was no consideration for its execution, if the declaration is sufficient in its averments. If it was sought to raise questions of this character, defendants should have pleaded.

2. It is not necessary, in declaring on a bond, to aver delivery; particularly where profert is made.   1 Chit. Pl. (16th Am. Ed.) pp. 477, 479.

3. Nor is it usually essential to aver a consideration passing to defendant.   Id.   A seal imports a consideration; and while, under section 7520, 2 How. Stat., such seal is only presumptive evidence of a sufficient consideration, section 7521 expressly provides that the defense of a want of consideration shall not be made unless the defendant shall have given notice thereof with his plea of the general issue.

Judgment affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred.   LONG, C. J., did not sit.