*I*

## ROBSON v. DAYTON.

1. BONDS—SUFFICIENCY OF DECLARATION.

A declaration in an action on a bond conditioned for the payment of such sum as might be decreed against the principal in a suit for a partnership accounting then pending in chancery, which alleges that no portion of the amount decreed in the suit, in favor of a receiver, has been paid, and that plaintiff is damaged thereby, sufficiently shows the relation of the receiver to the chancery suit, and the interest of plaintiff in the payment of the sum decreed, where the decree, which is set out in the declaration, contains a recital of the appointment of a receiver, and directs the receiver, out of the sum decreed, to pay the plaintiff a specified amount.

2. SAME—CONSIDERATION.

In an action on a bond, the declaration need not aver the consideration for which it was given; and the defense that the instrument was without consideration is unavailable, unless defendant gives notice thereof with his plea of the general issue. *Boyer* v. *Sowles*, 109 Mich. 481, followed.

3. APPEAL—TRIAL BEFORE COURT—SPECIAL FINDINGS.

The conclusions of the lower court upon the facts and law of a case tried without a jury cannot be reviewed in the absence of special findings.

Error to Ingham; Person, J. Submitted November 12, 1896. Decided January 5, 1897.

*Assumpsit* by John Robson and others against George M. Dayton and others upon a bond. From a judgment for plaintiffs, defendants bring error. Affirmed.

*M. V. & R. A. Montgomery*, for appellants.

*Cahill & Ostrander*, for appellees.

MONTGOMERY, J. This action is based upon a bond made by the defendant Dayton, as principal, and his codefendants, as sureties, in the sum of $15,000, with a condition as follows:

" The condition of this obligation is such that whereas the above suit in chancery is pending for an accounting and settlement of a partnership heretofore existing between the parties thereto, in which each side claims rights not conceded by the other, and each said complainants and said defendant claim a sum of money due, owing, and to be decreed to them, and by mutual agreement it is understood that this obligation shall be filed: Now, therefore, the condition of this obligation is such that if the above-bounden principal shall well and truly pay all such sums of money, and perform and satisfy any final decree made against him in this cause, then this obligation to be void; otherwise, to remain in full force and effect."

Plaintiffs recovered a judgment of $1,665.76, and defendants bring error.

Plaintiffs introduced in evidence a decree of the circuit court in chancery, in the suit pending and referred to in the condition of the bond, which provided, among other things, that defendant should pay the receiver the sum of $1,460,11, and should pay to complainants in that case (the plaintiffs in this) costs, which were shown to have been afterwards taxed at the sum of $89.85. The decree further provided that the receiver, out of the sum mentioned to be paid to him, pay to the complainants the sum of $574.08.

It is alleged that the declaration did not set out when or why a receiver was appointed, or what his relation to the chancery case was, or why the defendant Dayton

should pay him any money, or how the plaintiffs were damaged by his failure to do so. The decree itself is set out in the declaration, and contains a recital that Charles F. Hammond had been theretofore appointed receiver in the cause. We think this is sufficient. We think it also appears sufficiently that the plaintiffs were interested in the payment of this money, at least to the extent of the $574.08, which was by the decree directed to be paid by the receiver to plaintiffs. This much, at least, appears.

It is also urged that no consideration was shown for the execution of the bond. We think this case is fully covered by the recent case of *Boyer* v. *Sowles*, 109 Mich. 481.

It is also contended that there is no proof that the condition of the bond has ever been violated, and no proof that plaintiffs were damaged in any way by defendant's failure to pay the receiver; that the evidence simply shows that, during the pendency of the chancery suit, each of the parties thereto filed a voluntary bond. We find an insuperable difficulty in dealing with these various questions, growing out of the state of the record. There was no special finding of facts and law, and this court has frequently held that in such case we cannot review the conclusions reached by the court upon the facts and law. See *Butts* v. *Davis*, 50 Mich. 310; *Cumming Tp.* v. *Schick*, 94 Mich. 222; *Gemberling* v. *Lazarus*, 100 Mich. 324. The propriety of this rule is made manifest in the present case. It appears that, at the conclusion of the testimony, two requests to find were presented to the court. The *first* was:

"The court is requested to find, as a matter of law, that the undisputed proof in this case shows no liability on the part of the *sureties* on the bond, and that the verdict as to such sureties must be for defendant *sureties*.

"*Second:* Under all the proof in the case, the judgment should be for the defendants *Holmes* and *Stahl*."

This did not suggest a failure to make a case against

the principal, nor was there any request for a finding of the facts upon which a judgment should be based. The court refused to adopt these views of counsel, and that is as far as the record goes.   We think the contention of plaintiffs that, no other objection except those stated having been made upon the trial, no other is now open, is, upon this record, correct.

The judgment will be affirmed.

The other Justices concurred.