HOLLENBECK *v.* BREAKEY.

1. BASTARDY—BOND—SUPERSEDEAS—COMMON-LAW OBLIGATION.

A respondent in bastardy proceedings, having been found guilty, was ordered to pay to the mother a specified sum per month for the support of the child, and to give to the superintendents of the poor the bond provided for by 2 Comp. Laws, § 5905. He gave instead a bond running to the people of the State, conditioned that he should prosecute a writ of error to effect, and pay and satisfy such judgment as should be rendered against him thereon, and that, if the cause should not be taken to the Supreme Court, he should pay, satisfy, and fully comply with the order above mentioned. The case was not reviewed in the Supreme Court, but the bond was treated by the parties as operating to stay proceedings on the judgment. *Held,* that the bond was enforceable as a common-law bond, if supported by a sufficient consideration.

2. SAME—ASSIGNMENT—RIGHT OF ACTION.

The mother and the superintendents of the poor being the only persons beneficially interested in the bond, an assignment by the superintendents to the mother entitled her to bring an action thereon.

3. SEALED INSTRUMENTS—PLEADING—WANT OF CONSIDERATION.

In an action on an instrument under seal, want of consideration cannot be interposed as a defense unless notice thereof is given with the plea. 3 Comp. Laws, §§ 10185, 10186.

Error to Calhoun; Smith, J.   Submitted May 7, 1901. Decided July 10, 1901.

Debt by Birdie Hollenbeck against Edward Breakey and others upon a bond in bastardy proceedings. From a judgment for plaintiff, defendants bring error. Affirmed.

*L. B. Tompkins* (*Herbert E. Winsor*, of counsel), for appellants.

*Hatch & Page*, for appellee.

Montgomery, C. J.    This is an action of debt on a bond running to the people of the State of Michigan, their agents or assigns, reciting that judgment had been rendered against the defendant Edward Breakey in an action of bastardy at ·the complaint of plaintiff, upon which judgment an order was entered providing that said Edward Breakey pay to the plaintiff the sum of $10 each and every month from the 7th day of April, A. D. 1896, to and including the fifteenth birthday of the child of plaintiff, whose father said Edward Breakey was adjudged to be; and providing further that, to secure said payments, said Edward Breakey should give a bond in the sum of $1,500, with sufficient sureties, to be duly and properly approved.    The bond provided for in the order was to run to the superintendents of the poor of Calhoun county, "to indemnify the county of Calhoun against expense or loss in the support and maintenance of said child," being the bond provided for in the statute.    By an order entered subsequently, the time for filing said bond was extended to July 20, 1896, the date of the bond here in suit.    The bond in suit further recites that said Edward Breakey, desiring to appeal from said judgment and order, had taken, by an order of the court, an extension of time to settle a bill of exceptions, and an order staying all proceedings in said cause, and was preparing, and intending with all due dispatch to prepare and settle, said bill of exceptions, and cause to be issued from the Supreme Court a writ of error removing said cause to the Supreme Court.    The condition of the bond is that said Edward Breakey should proceed with all due diligence to

settle said bill of exceptions, issue said writ of error, and prosecute the same to effect, and pay and satisfy such judgment as should be rendered against him upon writ of error in the Supreme Court; and that in case, for any reason, said cause should not be taken to the Supreme Court for review, he should pay and satisfy and fully comply with the above-mentioned order in all its terms and conditions. The bond was indorsed on the back: "Filed July 20, 1896. William J. Gregg, Clerk." Defendant gave no other bond in the bastardy case. Counsel agree that the case could not be reviewed by writ of error. The Supreme Court denied a writ of *certiorari*.

. The court found that the bond was a *supersedeas* bond, and executed by defendant and his sureties for the purpose of having a review of the case in the Supreme Court upon writ of error; also that "said Edward Breakey was not committed to jail on the said judgment of the court entered against him, the parties seeming to have the idea that the bond given was sufficient until a review of the case." . The plaintiff has cared for and supported the child ever since it was born. Neither Edward Breakey nor the sureties on the bond have paid to the plaintiff, or to any one for her, any money for the support of the child. Calhoun county has not been put to any expense for the care and maintenance of the child. The child was living at the time this case was tried, and being cared for by the plaintiff. The court found that Calhoun county, by a majority of the superintendents of the poor of said county, assigned to plaintiff all the right, title, and interest of the people of the State of Michigan in and to said bond by an assignment which recited the consideration that plaintiff "continue in the future, as she has in the past, to support and maintain said child," and that the amount recovered upon said bond be used for the support, maintenance, and education of the child. Plaintiff recovered a judgment against Edward Breakey and two of the sureties for the amount due her from Edward Breakey under the judgment in the bastardy case up to the date of the commencement of this action, with 5 per cent. interest.

The only question open on the record is whether the findings of fact support the judgment. The question of first importance is whether this bond falls within the rule laid down in *Howard* v. *Hess*, 63 Mich. 725 (30 N. W. 333), and is invalid for want of consideration, or whether it is within the rule of the case of *Healy* v. *Newton*, 96 Mich. 228 (55 N. W. 666). We think the latter case controls. The bond contains a condition to "pay and satisfy and fully comply with" the order of the court above recited in case the cause, for any reason, shall not be taken to the Supreme Court. After this bond was filed, the counsel representing plaintiff's interests consented by stipulation to various extensions of time for a settlement of a bill of exceptions. The findings do not, it is true, state that there was any stay of proceedings; but the seal imports a consideration, and, if defendants disputed the consideration, they should have given notice of this defense. 3 Comp. Laws, § 10186; *Boyer* v. *Sowles*, 109 Mich. 481 (67 N. W. 530); *Robson* v. *Dayton*, 111 Mich. 440 (69 N. W. 834). It is urged that plaintiff has not shown herself entitled to sue on the bond; but, as the superintendents of the poor and plaintiff are the only ones beneficially interested in the bond, an assignment by the superintendents of the poor vests the entire interest in the plaintiff.

Judgment is affirmed.

The other Justices concurred.