PASTERNACKI *v.* O'REILLY.

HABEAS CORPUS—CAPIAS—RELEASE—VALIDITY OF BOND PENDING
REVIEW.

Where one under arrest on a *capias* was released by order
of the circuit judge to appear before the court on the
following morning in *habeas corpus* proceedings, said re-
lease was not an absolute and final discharge which
rendered the writ of *capias functus officio,* and, on denial
of his release on *habeas corpus* and his remand to the
custody of the sheriff, the bond given to secure his re-
lease pending review thereof in the Supreme Court was
valid, at least as a common-law bond, and a judgment
thereon is affirmed.

Error to Wayne; Goff (John H.), J. Submitted
October 11, 1921. (Docket No. 81.) Decided De-
cember 21, 1921.

Assumpsit by Stanley A. Pasternacki against Joseph
O'Reilly, on a statutory bond. Judgment for plaintiff.
Defendant brings error. Affirmed.

*N. Calvin Bigelow,* for appellant.

*Elmer H. Groefsema,* for appellee.

STEERE, C. J. On October 24, 1919, plaintiff re-
covered a judgment of $1,919 with costs in the circuit
court of Wayne county against one James J. Dunn in
an action of trespass on the case for conversion. A
property execution having been returned *nulla bona*
a writ of *capias ad satisfaciendum* was issued on said
judgment. The sheriff of Wayne county served said
writ upon Dunn and took him into custody, as appears
by his return thereto made May 12, 1920, in regular

form except the added sentence; "I further certify and return that on the 11th day of May the said defendant was released by order of Judge Harry J. Dingeman, of the circuit court."

On May 11, 1920, a writ of *habeas corpus* to inquire into the cause of detention of said Dunn was allowed and issued from the circuit court of Wayne county and served upon the sheriff under direction of Dunn's attorney late that evening. It was in usual form. Upon it was indorsed:

"To the sheriff: On presentation of the above writ, release petitioner, James J. Dunn, to appear May 12, 1920, at 9:30 a. m. before the undersigned.
"HARRY J. DINGEMAN,
"Circuit Judge."

Return of the sheriff to this writ, made May 12, 1920, follows the usual form of return in such cases. It states said Dunn "is now in my custody under and by virtue of the said *alias* writ of *capias ad satisfaciendum*," makes reference to copies of the proceedings and judgment on which it was issued, attached as exhibits, and concludes: "all of which I certify, and have here the body of the said James Dunn as by the writ I am commanded." Dunn appeared before the court with his counsel on May 12th, at the appointed time, when his *habeas corpus* case was taken up, and several adjournments were thereafter had to permit his counsel to interpose a motion to quash the writ of *capias ad satisfaciendum*. He was at large during the interval, but appeared with his counsel before the court on each adjourned day including May 26, 1920. On that date after denial of his motion to quash the *capias* the court made and entered the following order:

"James J. Dunn having been brought before this court upon a writ of *habeas corpus* heretofore issued out of said court, directed to Irving J. Coffin, sheriff

of the said county of Wayne, for the purpose of inquiring into the cause of his imprisonment, and it appearing to the said court by the return of the said Irving J. Coffin to the said writ and upon the hearing thereof, that the said James J. Dunn is legally imprisoned and detained under and by virtue of an execution duly issued upon a final judgment rendered in the circuit court for the county of Wayne in favor of Stanley A. Pasternacki, as plaintiff, against the said James J. Dunn, as defendant, in an action of trespass, it is thereupon ordered that the said James J. Dunn be and he is hereby remanded into the custody of the said Irving J. Coffin and to his former imprisonment under the execution aforesaid."

Following the order and while he was yet in court an order was made on application of his counsel admitting him to bail pending determination by the Supreme Court of a proposed review of the proceedings then had, and he was ordered released from custody upon giving a bond of that date with defendant O'Reilly accepted as his surety, in the sum of $4,000, running to the sheriff, conditioned as follows:

"Whereas the above bounden James J. Dunn has lately applied to the circuit court for Wayne county, for a writ of *habeas corpus,* and whereas the above bounden James J. Dunn is about to have the said application and denial reviewed in the Supreme Court of the State of Michigan:

"Now therefore the condition of this obligation is such, that if the said James J. Dunn shall within ten days after the date of this bond apply to the Supreme Court of the State of Michigan for the issuance of such writ or process as may be necessary to review the said decision of the said circuit court and if the said Supreme Court shall affirm the action of the said circuit court for the county of Wayne in denying the said writ of *habeas corpus* and if the said James J. Dunn shall within five days after such affirmation on the part of the said Supreme Court, present himself to the circuit court for the county of Wayne to be re-

manded into the custody of the sheriff of Wayne county in the said State of Michigan, then this obligation to be void, otherwise to remain in full force.

> (Signed)   "JAMES J. DUNN,
> (Signed)   "JOSEPH O'REILLY.
> (L. S.)"

Indorsed upon the bond appears O'Reilly's sworn statement that he is worth in unincumbered property not exempt from execution the sum of $10,000.

Within 10 days from that date appeal to this court was taken by writ of error, and also by certiorari, to review said *habeas corpus* proceedings. The appeal by writ of error was dismissed for lack of prosecution, but the appeal by writ of certiorari was perfected. An order of this court, on January 5, 1921, dismissed said writ of certiorari and affirmed the order of the circuit court remanding said Dunn to custody.   A copy of the order of affirmance was filed in the *habeas corpus* case in the circuit court of Wayne county on January 6, 1921.   Dunn failed to present himself to the circuit court of Wayne county to be remanded into the custody of the sheriff within five days after such affirmation, as required by his bond, or at any later time.   On January 11, 1921, after due notice to defendant herein of such default, an order was entered in the circuit court of Wayne county forfeiting said bond, which order was not appealed from and remains in full force and effect.   On the same date plaintiff secured an assignment of said bond from the sheriff and brought this action, which was heard before the court without a jury, findings of fact and conclusions of law thereon being made and filed.   Plaintiff had judgment for $2,126.62, being the amount of his judgment against said Dunn with interest and costs.

Briefly summarized, defendant contends that the bond upon which this judgment was taken is unenforceable, without consideration and a nullity for the

reason that when it was given the sheriff had released Dunn from custody by order of the court, on May 11, 1920, as the sheriff's return to the *capias* under which he made the arrest shows and—

"the writ having performed its office and been returned was no longer a valid writ under which Dunn might again be taken, and there was no valid writ outstanding at the time of filing the bond under which Dunn could be placed into custody of the sheriff."

For record proof of this counsel relies on the concluding sentence of the sheriff's return to the *capias*, stating that on May 11th Dunn was released by order of a named judge of the circuit court. That order, indorsed on the writ of *habeas corpus* issued to inquire into the cause of the petitioner Dunn's detention under the *capias*, is to release him "to appear May 12, 1920, at 9:30 a. m. before the undersigned." On May 12, 1920, the sheriff made return to such writ of *habeas corpus* that Dunn was then in his custody by virtue of the *capias*, and Dunn was there in court before the judge as the order enjoined. The *capias* was served upon Dunn and he was arrested by the sheriff pursuant to the mandate on the evening of May 11th, but not incarcerated. Accompanied by an officer he was permitted to visit and consult his attorney who first prepared for him a petition for a writ of *habeas corpus*, following which the attorney went that night long after office hours to the home of the circuit judge and obtained an order for the sheriff to show cause why Dunn should not be released, then went to the home of a deputy clerk and secured his signature to the papers, drove from there to the county jail, arriving near midnight and at the same time as Dunn and the officer who had accompanied him to see said attorney. He at once had the writ of *habeas corpus* served and saved his client from being locked up that night by the judge's indorsement for his release to

appear before said judge the next morning "at 9:30
a. m." It is also in evidence that Dunn furnished
a "cash bond" for his appearance, just when, the testi-
mony does not make clear. No order allowing the
same appears in this record, but it does contain an
order to return the bail money to defendant's counsel
made, as shown by its number, in the *habeas corpus*
proceeding under consideration, as follows:

"In the matter of the Petition of ⎱
      JAMES J. DUNN    ⎰ No. 947.
  for a writ of habeas corpus.

"At a session of the Circuit court for Wayne county.
convened in the city of Detroit in said county on the
30th day of June, 1920.

"Present, Hon. Adolph F. Marschner, Circuit Judge.

"In this matter the writ of *habeas corpus* having
been denied and the said petitioner having given a
bond in the sum of four thousand dollars with surety
duly approved by the court, now therefore, it is here-
by ordered that the cash bond of two hundred dollars
($200) be refunded to N. Calvin Bigelow by the
county clerk and county treasurer."

Act No. 332, Pub. Acts 1919, authorizes deposit of
cash in lieu of bail.

Of the intervening time between allowance of *habeas
corpus* and final judgment thereon, section 13485, 3
Comp. Laws 1915, provides:

"Until judgment be given upon the return, the court
or officer before whom such party shall be brought,
may either commit such party to the custody of the
sheriff of the county in which such court or officer
shall be, or place him in such care, or under such
custody, as his age and other circumstances may
require."

In view of the situation disclosed by the evidence
in this case, both oral and written, it would be an over-
strained construction to accept the word "released" in
the sheriff's return to the *capias* as meaning an ab-

solute and final discharge of Dunn which rendered the writ of *capias functus officio* and of no force or effect thereafter. The judge's order, whatever its legal value, was a direction to conditionally release or leave Dunn at liberty for a few hours, until 9:30 the next morning, manifestly so accepted and understood both by Dunn and his attorney, who both appeared at the time designated, and by the sheriff himself, as indicated in his return to the writ of *habeas corpus,* that Dunn was in his custody by virtue of that writ and he then produced before the court his body "as by the writ I am commanded."

Dunn was taken on execution in a civil action and was entitled to liberties of the jail by giving a bond. Under the heading "Liberties of Jails and Escapes," it is provided in section 13007, 3 Comp. Laws 1915, so far as material here:

"The going at large of any prisoner　*　*　*　who would be entitled to the liberties of any jail upon executing such bond, within the jail limits of the county in which he shall be in custody, shall not be deemed an escape of said prisoner."

Dealing with like statutory provisions, it was said in *Page* v. *Mitchell,* 13 Mich. 63:

"So long as a criminal escape has not occurred, the party is certainly in custody under the process; and if the officer is liable for over-indulgence, he is not liable for anything more; and a person arrested and taken to jail must accept such confinement as the sheriff, without exceeding such severity as is lawful, may impose. The indulgence of his jailor may mitigate, but it does not destroy his imprisonment."

It appears in this case conclusively that there was a judgment against Dunn in a tort action, that he was arrested on a body execution, applied for release on *habeas corpus* which was denied, that after hearing thereon he was remanded into custody of the sheriff;

that while yet before the court with his counsel, he desiring to review the order remanding him and also release from custody in the meantime, the bond in question was voluntarily executed for that purpose and delivered in open court, securing his release pending such review, also operating and accepted as an appeal and stay bond. In its most unfavorable aspect it is good as a common-law bond. *Hollenbeck v. Breakey*, 127 Mich. 555; 9 C. J. p. 9, and cases there cited.

The judgment is affirmed.

MOORE, WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.