## KRAFT v GOLDSTEIN

Ohio Appeals, 9th Dist, Summit Co
No. 1895. Decided May 27, 1931

Donald Gottwald, Akron, for Kraft.
Schwab & Heiser, Akron, for Goldstein.

WASHBURN, J.

The case is before this court upon a petition in error, two principal errors being claimed; first, it is claimed that the court erred in depriving the defendant of her right to have the case submitted to the jury; and second, that the court erred in not granting defendant's motion for a judgment in her favor.

As to the first claimed error, we are clearly of the opinion that the motions of the parties being made as they were, did not have the effect of waiving a jury and empowering the court to determine questions of fact. The two motions were not pending before the court at the same time, and when the plaintiff's motion for a judgment was made, the situation, so far as this question is concerned, was the same as if the defendant had never made any motion for a judgment in her favor, and at that time there was at least an issue of fact as to the amount of damages, which was a jury issue and which the court had no right to determine. The defendant's right to have that question passed upon by a jury was a substantial right, the denial of which by the court was necessarily prejudicial and entitles her in this court to a reversal of the judgment of the Common Pleas Court.

As to the other question, in reference to whether the court should have granted the defendant's motion for a judgment in her favor, the claim is made that there was no evidence in support of the claim that the injunction ought not to have been granted.

The proof in the record on that subject consists of an order made by the court in the case in which the injunction was granted, sustaining a general demurrer to the petition and dismissing the same, and it is claimed that that does not constitute a finding by the court that said injunction ought not to have been granted.

The better reasoned cases and the weight of authority sustain the rule that the voluntary dismissal by the plaintiff of an action in which he has obtained a temporary injunction or restraining order, amounts to a determination by the court that the injunction was improperly granted and gives rise to a cause of action on the bond.

The dismissal of the suit for want of prosecution has the same effect.

De Berard v Prial, 54 N. Y. Supp. 534.

It is evident that a party can never be rightly entitled to an injunction upon a petition that is subject to à general demurrer, and it seems to us that the action of the court in sustaining a general demurrer to the petition and dismissing the same constitutes a finding by the court to the effect that the injunction ought not to have been granted, and is an adjudication of that matter.

Williams v Montgomery, 43 N.E. 57.

Kimm v Steketee, 44 Mich, 527.

This conclusion is fortified by a consideration of the nature of the cause of action in which the injunction was granted. In that action the defendant in the instant case sought a decree of the court to the effect that she was the owner of certain personal property, and obtained a temporary injunction to restrain the plaintiff in the instant case from interfering with defendant's possession of said property, and when the court sustained the general demurrer to the petition and later dismissed the petition, it necessarily followed that the court decided that she was not entitled to an injunction to protect property which she failed to establish she owned or had an interest in, and the court's action established, as a matter of law, that the injunction was improperly issued.

Our conclusion is that the Common Pleas Court did not commit error in refusing to grant the motion of the defendant for a judgment in her favor.

For error in granting the motion of the plaintiff for a judgment in her favor, the judgment is reversed and the cause remanded for further proceedings according to law.

PARDEE, PJ, and FUNK, J, concur.